### In re JOHNSON'S ESTATE.

(First Division. Juneau. May 15, 1914.)

#### No. 1116–A.

COURTS ☜202(5)—EXECUTORS AND ADMINISTRATORS—PROBATE COURTS —APPEAL AND ERROR.

> The statute of Alaska does not require a notice of appeal to bring to the judge of the district court exceptions and objections made to the allowance or rejection of claims against the estate of a decedent; but it does not follow that the appellant may dispense with any notice of appeal, or may choose his own time for filing the transcript. The deficiency may be supplied by analogy, or by the practice within a reasonable time, or may be controlled by the rules of court. The rule of the district court in division No. 1 requires that such appeal be taken within 30 days; an appeal not taken within time dismissed.

J. H. Cobb, of Juneau, for claimant.

JENNINGS, District Judge. It appears, by an inspection of the record now before the court, that on the 13th day of January, 1914, the probate court for the precinct of Juneau made an order allowing the claim of Alexander Atkinson against the above-entitled estate. Said order recites that it

☜See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is made "after hearing the said petition (for allowance of said claim) and the proof adduced by said claimant in support of his said claim, and the court being fully advised in the premises, and with respect to the justness and validity of said claim."

It also appears that on the 30th day of January, 1914, the administrator of said estate excepted to the said order "on the ground that said claim was not proved by any evidence except that of the claimant himself."

There was no notice of appeal given, and no other step taken in reference to said appeal until the 24th day of April, 1914, on which date the said administrator caused to be filed in this court the transcript from the said probate court. On the 11th of May, 1914, the claimant, Alex. Atkinson, moved the court to dismiss the appeal of appellant herein for the following reasons:

"1. That said appeal was not taken within 30 days after the allowance or entry thereof, as provided by law.

"2. That no notice of appeal was served by appellant upon the respondent (adverse party), or his counsel, with proof of service indorsed thereon, as provided by law, and that no notice of such appeal was served upon the said adverse party at all.

"3. That no undertaking for costs of the appeal have been given or filed by said appellant as is required by law.

"4. That the transcript in this case had not been filed in this court with the clerk thereof, within 20 days after the allowance of said appeal.

"5. That the claim of respondent was allowed by the probate court without objection on the part of appellant, and that such allowance is the determination of and final settlement of the question as to its allowance."

Section 1595 of the Compiled Laws of Alaska 1913, provides:

"The commissioners appointed in pursuance of this act and other laws of the United States [shall] have jurisdiction within their respective precincts, subject to the supervision of the district judge, in all testamentary and probate matters."

That this "supervision of the district judge" may in all cases be exercised by appeal, and that the said words mean "supervision by appeal," has been decided by the district court of Alaska in the case of Decker v. Decker, 3 Alaska, 123. This court is satisfied with that decision, although it does not doubt that the judge of the district court may sit as a probate court

passing on claims and summarily allow a claim which may have been rejected by the administrator. Section 1655, Compiled Laws of Alaska.

As the claim in question was not presented to the district court after having been disallowed by the administrator, this court, if it has jurisdiction at all, must have jurisdiction by virtue of appeal.

Section 1772 of the Compiled Laws provides:

"There shall be an appeal to the district court of the district of Alaska from all orders of the commissioners exercising the jurisdiction of a court of probate."

Section 1773 of the Compiled Laws provides:

"In the case of decedents, any heir, legatee, devisee, creditor, or other person interested in the estate  *  *  *  may file with the commissioner exceptions to any order of said commissioner  *  *  *  allowing or rejecting claims.  *  *  *  Upon the filing of such exception the commissioner shall make a transcript of all files, papers, and evidence pertaining to such order or proceeding and forward the same to the clerk of the district court."

Section 1774 provides:

"Upon the filing of such exceptions, the district judge shall proceed on due notice to hear and determine the same at such time and in such manner as he shall prescribe by order, and for that purpose may receive and entertain affidavits and depositions or hear oral evidence."

These are the only provisions relating to the appeal from the orders of the United States commissioner acting as a probate judge. It will be observed that no notice of appeal is required, and that no time is prescribed within which an appeal must be taken, and no limit prescribed within which the transcript shall be filed in the appellate court. It does not follow, however, that, because those particulars are not provided for by statute, the appellant may dispense with notice of appeal, or may choose his own time for filing the transcript. The deficiency in the mode of procedure appearing in the statute may be supplied by analogy or practice on the rules of court or other considerations.

An "appeal allowed by an act which does not prescribe the time in which the appeal should be taken is covered by the provisions of the Civil and Criminal Code" seems to be the doctrine prevailing in Kentucky. Bright v. Commonwealth,

3 Ky. Law Rep. 823; Decennial Digest, § 338, Title: "Executors and Administrators." Whether that be the law or not, it would certainly seem that an appeal from a decision of a probate court should be taken within a reasonable time; for, as said by the Supreme Court of California in Re Depeaux's Estate, 118 Cal. page 524, 50 Pac. page 683:

"The policy of our law favors a speedy settlement of the estates of deceased persons, and it is in contravention of this policy for the appellant to allow more than six months to elapse without taking any steps looking towards the determination of her appeal. By the rules of this court, an appellant is allowed 40 days within which to file the transcript on appeal after the appeal is perfected."

In the case at bar, the exceptions to the actions of the probate judge were filed in the probate court on the 30th of January, so that, if we consider that the rule in civil and criminal cases should apply, the appellant should have had his transcript in this court by the 20th of February. If that analogy does not apply, but the matter is to be referred to the question of reasonable time, I do not think that it is reasonable to allow the appellant to defer the filing of his transcript until the 24th day of April. No notice of appeal having been given at all and no transcript having been filed for nearly 60 days after filing the exceptions, and no excuse shown or claimed, it may well be held that the matter has been abandoned. The contention of appellant would lead to this conclusion: That after a claim had been allowed by the commissioner, as probate judge, all that the administrator disputing the claim has to do is to file exceptions, and that the mere filing of the exceptions with the probate judge preserves to him the right to have the district court pass upon the claim at any time that he may choose to call the matter up, and this, too, without having given the claimant any notice that he is dissatisfied with the opinion of the probate court.

But, however that may be, the rules of this court provide as follows:

"Appeals from the commissioner's court in probate cases shall be taken and allowed within thirty (30) days after the entry of the order or decree from which the appeal is taken, and not thereafter. Upon the filing of exceptions and a notice of appeal, and within thirty (30) days thereafter, the commissioner shall transmit the record in the cause under the seal of the probate court to the clerk of this court. The commissioner may require the appellant to pay the

costs of such record, and he shall not be required to transmit the record unless said costs are paid.

"Should the commissioner fail or neglect to transmit the record within thirty (30) days, through no fault of appellant, the appellant may by application to the judge or court, obtain an extension of such. time not to exceed ninety (90) days."

Chapter 9, rule 50, in Probate Cases.

The appeal, if appeal it can be called, will be dismissed.