## FRED BISMARCK STRAUSS v. STATE OF NORTH DAKOTA and the County of Burleigh.

### (162 N. W. 908.)

**Compiled laws — larger inheritance tax — charge upon property — devised or inherited — difference in relationship of devisees — or beneficiaries — Constitution — such laws do not violate.**

The clauses of § 8977 of the Compiled Laws of 1913, which provide for a larger inheritance tax or charge upon the property devised to or inherited by a nephew or niece, than upon the property devised to or inherited by a cousin or uncle or aunt, are not in violation of the 14th Amendment to the Federal

---

Note.—That it may be laid down as the general rule that the states may tax the privilege of succeeding to the property of the former owner upon his death, discriminating between relatives and between these and strangers, and give exemptions, and are not precluded from this power by the constitutional rules of uniformity, and equality, due process of law, equal protection of the laws, 14th Amendment in general, etc., will be found from an examination of the cases collated in notes in 33 L.R.A.(N.S.) 592; and 50 L.R.A.(N.S.) 991, on constitutionality of succession taxes.

On constitutionality of laws affecting collateral inheritance tax, see note in 41 Am. St. Rep. 580.

Constitution, nor of § 69 of the Constitution of North Dakota, which provides that "the legislative assembly shall not pass local or special laws for the assessment or collection of taxes," nor of § 70 of the Constitution of North Dakota, which provides that "in all other cases where a general law can be made applicable, no special law shall be enacted."

Opinion filed April 4, 1917. Rehearing denied May 11, 1917.

Action to recover an inheritance tax paid under protest.

Appeal from the District Court of Burleigh County, *W. L. Nuessle*, J.

Judgment for defendant. Plaintiff appeals.

Affirmed.

*F. E. McCurdy,* for appellant.

There must be some difference which bears a reasonable and proper relation to the attempted classification, in such cases as the one at bar. The law cannot make a mere arbitrary selection. If the law attempts to do so, it is in violation of the Constitution. Kentucky R. Tax Cases, 115 U. S. 321, 337, 29 L. ed. 414, 419, 6 Sup. Ct. Rep. 57; Yick Wo v. Hopkins, 118 U. S. 356, 30 L. ed. 220, 6 Sup. Ct. Rep. 1064; Gulf, C. & S. F. R. Co. v. Ellis, 165 U. S. 150, 41 L. ed. 666, 17 Sup. Ct. Rep. 255; Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 294, 42 L. ed. 1037, 1043, 18 Sup. Ct. Rep. 594; Cotting v. Kansas City Stock Yards Co. (Cotting v. Godard) 183 U. S. 79, 111, 46 L. ed. 92, 109, 22 Sup. Ct. Rep. 30; Michigan C. R. Co. v. Powers, 201 U. S. 245, 293, 30 L. ed. 744, 761, 26 Sup. Ct. Rep. 459; Connolly v. Union Sewer Pipe Co. 184 U. S. 540, 45 L. ed. 679, 22 Sup. Ct. Rep. 431; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892, 10 Sup. Ct. Rep. 533; Nicol v. Ames, 173 U. S. 509, 521, 43 L. ed. 786, 793, 19 Sup. Ct. Rep. 522; Hayes v. Missouri, 120 U. S. 68, 30 L. ed. 578, 7 Sup. Ct. Rep. 350; Re Pell, 171 N. Y. 48, 57 L.R.A. 540, 89 Am. St. Rep. 791, 63 N. E. 789; People v. Orange County Road Constr. Co. 175 N. Y. 84, 65 L.R.A. 33, 67 N. E. 129; Cooley, Taxn. 3d ed. 77; State ex rel. White House School Dist. v. Readington Twp. 36 N. J. L. 66; People ex rel. Farrington v. Mensching, 187 N. Y. 8, 10 L.R.A.(N.S.) 625, 79 N. E. 884, 10 Ann. Cas. 101.

This law is an unjust and arbitrary discrimination in favor of one as against another of the same class, and is a violation of primary rights. Where no valid reason can be given for selecting one, or a class of

persons, and taxing them more heavily than others in the same situation, the law is void. People ex rel. Williams Engineering & Contracting Co. v. Metz, 193 N. Y. 160, 24 L.R.A.(N.S.) 208, 85 N. E. 1070; Re New York, 190 N. Y. 350, 16 L.R.A.(N.S.) 340, 85 N. E. 299, 13 Ann. Cas. 598; Bush v. New York L. Ins. Co. 63 Misc. 91, 116 N. Y. Supp. 1056; Lee v. O'Malley, 69 Misc. 218, 126 N. Y. Supp. 778; Re McKennan, 27 S. D. 147, 33 L.R.A.(N.S.) 620, 130 N. W. 33, 25 S. D. 369, 33 L.R.A.(N.S.) 606, 126 N. W. 611; People ex rel. Duryea v. Wilber, 198 N. Y. 1, 27 L.R.A.(N.S.) 357, 90 N. E. 1140, 19 Ann. Cas. 626.

It is necessary to make such excises uniform as to the entire class of collateral. The law must not tax one and exempt another in the same class. State v. Hamlin, 41 Am. St. Rep. 580, note; Dixon v. Ricketts, 26 Utah, 215, 72 Pac. 947; Re Wilmerding, 117 Cal. 284, 49 Pac. 181; State ex rel. Fath v. Henderson, 160 Mo. 216, 60 S. W. 1093; Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 42 L. ed. 1037, 18 Sup. Ct. Rep. 594; Knowlton v. Moore, 178 U. S. 41, 44 L. ed. 969, 20 Sup. Ct. Rep. 747; State ex rel. Schwartz v. Ferris, 30 L.R.A. 218, note; Drew v. Tift, 79 Minn. 175, 47 L.R.A. 525, 79 Am. St. Rep. 446, 81 N. W. 839; Lodi Twp. v. State, 51 N. J. L. 402, 6 L.R.A. 56, 18 Atl. 749; State, Alexander, Prosecutor, v. Elizabeth, 56 N. J. L. 80, 23 L.R.A. 529, 28 Atl. 51; Weaver v. Davidson County, 104 Tenn. 329, 59 S. W. 1105; Darcy v. San Jose, 104 Cal. 647, 38 Pac. 500; Wagner v. Milwaukee County, 112 Wis. 608, 88 N. W. 577; Longview v. Crawfordsville, 164 Ind. 122, 68 L.R.A. 625, 73 N. E. 78, 3 Ann. Cas. 496; Kraus v. Lehman, 170 Ind. 420, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas. 849; Chicago, M. & St. P. R. Co. v. Westby, 47 L.R.A.(N.S.) 97, 102 C. C. A. 65, 178 Fed. 619; Edmonds v. Herbrandson, 2 N. D. 274, 14 L.R.A. 725, 50 N. W. 970; Plummer v. Borsheim, 8 N. D. 568, 80 N. W. 690; Angell v. Cass County, 11 N. D. 265, 91 N. W. 72; State ex rel. Mitchell v. Mayo, 15 N. D. 327, 108 N. W. 36.

This law is totally void under the ruling of the United States Supreme Court. Fayette County v. People's & D. Bank, 47 Ohio St. 503, 10 L.R.A. 196, 25 N. E. 697; Allen v. Louisiana, 103 U. S. 80, 26 L. ed. 318; Income Tax Cases (Pollock v. Farmers' Loan & T. Co.) 158 U. S. 635, 39 L. ed. 1125, 15 Sup. Ct. Rep. 912; Chicago, M. & St. P. R.

Co. v. Westby, 47 L.R.A.(N.S.) 97, 102 C. C. A. 65, 178 Fed. 619; Paxton & H. Irrigating Canal & Land Co. v. Farmers & M. Irrig. & Land Co. 45 Neb. 884, 29 L.R.A. 853, 50 Am. St. Rep. 585, 64 N. W. 343.

*William Langer,* Attorney General, and *H. A. Bronson* and *Dan V. Brennan,* Assistant Attorneys General, and *Geo. E. Wallace* and *H. R. Berndt,* for respondents.

The petitioner here should have sought his remedy by appeal, instead of mandamus. If the lower court was wrong, it was but judicial error, the subject of appeal and review in the usual manner. 13 Enc. Pl. & Pr. 539; People v. Sexton, 24 Cal. 79; Francisco v. Manhattan Ins. Co. 36 Cal. 283; Davis v. Wallace, 4 Cal. Unrep. 949, 38 Pac. 1107; State ex rel. Child v. Smith, 19 Wis. 531; Ex parte Des Moines & M. R. Co. 103 U. S. 794, 26 L. ed. 461; Ex parte Hurn, 13 L.R.A. 120 and note, 92 Ala. 102, 25 Am. St. Rep. 23, 9 So. 515; Territory ex rel. County Comrs. v. Cavanaugh, 3 Dak. 325, 19 N. W. 413.

If the court has authority to test questions of law or fact, mandamus will not issue to state what the decision will be. Benedict v. Howell, 39 N. J. L. 221; Re Rice, 155 U. S. 396, 39 L. ed. 198, 15 Sup. Ct. Rep. 149; Re Parsons, 150 U. S. 150, 37 L. ed. 1034, 14 Sup. Ct. Rep. 50; State ex rel. Northern P. R. Co. v. District Judge, 3 N. D. 43, 53 N. W. 433; Re Morrison, 147 U. S. 14, 37 L. ed. 60, 13 Sup. Ct. Rep. 246; Ex parte Baltimore & O. R. Co. 108 U. S. 566, 27 L. ed. 812, 2 Sup. Ct. Rep. 876; Shine v. Kentucky C. R. Co. 85 Ky. 177, 3 S. W. 18; Ex parte Des Moines & M. R. Co. 103 U. S. 794, 26 L. ed. 461; Ex parte Newman, 14 Wall. 152, 20 L. ed. 877.

Mandamus only directs what some other officer or court shall do. Roberts v. Holsworth, 10 N. J. L. 57; Rev. Codes 1905, § 7971; Comp. Laws 1913, § 8606; Ex parte Elston, 25 Ala. 72; Ex parte Hutt, 14 Ark. 368; People ex rel. Flagley v. Hubbard, 22 Cal. 34; Marshall v. State, 1 Ind. 72; State ex rel. Menge v. Rightor, 36 La. Ann. 200; State ex rel. Patterson v. Marshall, 82 Mo. 484; State ex rel. Combination Silver Min. Co. v. Curler, 4 Nev. 445; Shelby v. Hoffman, 7 Ohio St. 450.

Had the petitioner produced proof of the payment of the inheritance tax, and the county court had refused to allow the account and grant the petition for distribution, mandamus would doubtless lie. People ex rel. Green v. Dutchess & C. R. Co. 58 N. Y. 153; Johnson v. Lucas,

11 Humph. 306; State ex rel. Walker v. Orphans Ct. Judge, 15 Ala. 740; Rosenthal v. State Canvassers, 50 Kan. 129, 19 L.R.A. 157, 32 Pac. 129; Clark v. Buchanan, 2 Minn. 346, Gil. 298; Ross v. Lane, 11 Miss. 695; Gillespie v. Wood, 4 Humph. 437; Hall v. Steele, 82 Ala. 562, 2 So. 650; Cook v. Candee, 52 Ala. 109.

And it also clearly appears that the respondent would have no authority in law to do the acts which appellant would have performed. Cooley, Taxn. 3d ed. 1350, and note 2; 14 Am. & Eng. Enc. Law, 100; People v. San Francisco, 20 Cal. 592; State ex rel. Atty. Gen. v. District Ct. 13 N. D. 211, 100 N. W. 248; State ex rel. Lytle v. Douglas County, 18 Neb. 506, 26 N. W. 315; Thoreson v. State Examiners, 19 Utah, 18, 57 Pac. 178.

The statute here involved is not repugnant to the Federal Constitution, prohibiting any state from denying to any citizen equal protection of the laws. Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 42 L. ed. 1037, 18 Sup. Ct. Rep. 594; Billings v. Illinois, 188 U. S. 97, 47 L. ed. 400, 23 Sup. Ct. Rep. 272; Campbell v. California, 200 U. S. 87, 50 L. ed. 382, 26 Sup. Ct. Rep. 182; Orient Ins. Co. v. Daggs, 172 U. S. 557, 43 L. ed. 552, 19 Sup. Ct. Rep. 281; Cahen v. Brewster, 203 U. S. 543, 51 L. ed. 310, 27 Sup. Ct. Rep. 174, 8 Ann. Cas. 215; Re Speed, 216 Ill. 23, 108 Am. St. Rep. 189, 74 N. E. 809; Board of Education v. Illinois, 203 U. S. 553, 51 L. ed. 314, 27 Sup. Ct. Rep. 171, 8 Ann. Cas. 157; Beers v. Glynn, 211 U. S. 477, 53 L. ed. 290, 29 Sup. Ct. Rep. 186, 186 N. Y. 549, 79 N. E. 1110; Humphreys v. State, 70 Ohio St. 67, 65 L.R.A. 776, 101 Am. St. Rep. 888, 70 N. E. 957, 1 Ann. Cas. 233.

Neither is it in violation of the Federal Constitution forbidding any state to deprive any person of life, liberty, or property without due process of law. Trippet v. State, 149 Cal. 521, 8 L.R.A.(N.S.) 1210, 86 Pac. 1084; State v. Hamlin, 86 Me. 495, 25 L.R.A. 632, 41 Am. St. Rep. 569, 30 Atl. 76; Union Trust Co. v. Wayne Probate Judge, 125 Mich. 487, 84 N. W. 1101; Gelsthorpe v. Furnell, 20 Mont. 299, 39 L.R.A. 170, 51 Pac. 267.

Neither of the provisions of the Federal Constitution which provides that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States applies. Booth v. Com. (Rodman v. Com.) 130 Ky. 88, 33 L.R.A.(N.S.) 592, 113

S. W. 61; State ex rel. Slabaugh v. Vinsonhaler, 74 Neb. 675, 105 N. W. 472; State v. Clark, 30 Wash. 439, 71 Pac. 20; United States v. Perkins, 163 U. S. 625, 41 L. ed. 287, 16 Sup. Ct. Rep. 1073; Re Campbell, 143 Cal. 623, 77 Pac. 674; Re Wilmerding, 117 Cal. 281, 49 Pac. 181.

The requirements of uniformity are not violated if a statutory provision by a board of review in counties of a certain population differs from other counties in the state.    People ex rel. Green v. Cook County, 176 Ill. 576, 52 N. E. 334.

Such distinctions are numerous and apply to different subjects. Hughes v. Cairo, 92 Ill. 339; Home Ins. Co. v. Swigert, 104 Ill. 653; Union Cent. L. Ins. Co. v. Durfee, 164 Ill. 186, 45 N. E. 441; Braun v. Chicago, 110 Ill. 186; Timm v. Harrison, 109 Ill. 593; People ex rel. Deneen v. Thornton, 186 Ill. 162, 57 N. E. 841; People ex rel. Crowell v. Lawrence, 36 Barb. 177; Veazie Bank v. Fenno, 8 Wall. 553, 19 L. ed. 489; Powers Elevator Co. v. Pottner, 16 N. D. 359, 113 N. W. 703; Beleal v. Northern P. R. Co. 15 N. D. 318, 108 N. W. 33, 20 Am. Neg. Rep. 453.

This act is not special legislation.    State ex rel. McCue v. Lewis, 18 N. D. 125, 119 N. W. 1037; Vermont Loan & T. Co. v. Whithed, 2 N. D. 82, 49 N. W. 318.


BRUCE, Ch. J.    This is an action to recover an inheritance tax paid by the petitioner under protest and after the refusal of the judge of the county court of Burleigh county to allow the final report and account of the executor in the estate of Fred Strauss, deceased, and to issue a final decree of distribution without the payment of the inheritance tax which is provided for in § 8977 of the Compiled Laws of 1913, and which the county court had adjudged to be due.

The petitioner and appellant concedes the constitutionality of the Inheritance Tax Law as a whole, and all of § 8977, with the exception of the 3d and 4th paragraphs.    These paragraphs, he contends, are unconstitutional.    They provide that "upon the transfer of property in any manner hereinbefore described of the value of twenty-five thousand dollars ($25,000) or less where the same shall pass to or for the use of any person who shall be the brother or sister of the father or mother or a descendant of the brother or sister of the father or mother or the

decedent the rate of taxation shall be 3 per cent; and on all sums above twenty-five thousand dollars ($25,000) up to fifty thousand dollars ($50,000), passing to any such person the rate shall be 4½ per cent, and on all sums above fifty thousand dollars ($50,000) up to one hundred thousand dollars ($100,000), 6 per cent, and on all sums above one hundred thousand dollars ($100,000) up to five hundred thousand dollars ($500,000), 7½ per cent, and on all sums above five hundred thousand dollars ($500,000), 9 per cent.

"Upon the transfer of property in any manner hereinbefore described of the value of twenty-five thousand dollars ($25,000) or less, where the same shall be for the use of any person in any other degree of collateral consanguinity than is hereinbefore stated, or to a stranger in blood of the decedent, or to a body politic or corporate, the rate of taxation shall be 5 per cent; and on all sums above twenty-five thousand dollars ($25,000) up to fifty thousand dollars ($50,000) to any such person the rate shall be 6 per cent, and on all sums above fifty thousand dollars ($50,000) up to one hundred thousand dollars ($100,000) 9 per cent, and on all sums above one hundred thousand dollars ($100,000) up to five hundred thousand dollars ($500,000) 12 per cent, and on all sums above five hundred thousand dollars ($500,000) 15 per cent."

Petitioner points out that under these paragraphs the property transferred to any nephew or niece of a decedent is subject to a tax of 5 per cent, while only 3 per cent is charged upon the property inherited by or transmitted to a cousin, or uncle or aunt. He states that he has no quarrel with the classification of heirs as lineal and collateral, nor with a proper and reasonable classification among lineal heirs or collateral heirs. He maintains, however, that there is no reason for discrimination against nephews and nieces of the deceased as compared with uncles and aunts, since the former are no further removed from the deceased than are the latter. He also insists that a cousin of the deceased is further removed than a nephew or niece. The clauses of the Constitution which he alleges are violated are the 14th Amendment to the Federal Constitution and §§ 69 and 70 of article 2 of the Constitution of North Dakota.

The 14th Amendment to the Federal Constitution provides that: "no state shall make or enforce any laws which shall abridge the privileges or immunities of the citizens of the United States; nor shall

any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

Section 69 of the Constitution of North Dakota provides that "the legislative assembly shall not pass local or special laws in any of the following enumerated cases . . . 23. For the assessment or collection of taxes."

Section 70 provides: "In all other cases where a general law can be made applicable, no special law shall be enacted."

We are sure that the 14th Amendment to the Federal Constitution is not violated by the statutes in question.

The so-called inheritance tax, indeed, is, strictly speaking, not a tax at all. It is, rather, a permission on the part of the state that the heirs and legatees may take the bequests which are made to them less certain sums which are retained by it. In other words, it is a declaration that the state, instead of claiming all of the estate of a decedent, will only retain a certain portion thereof, and will allow the legatees to receive the remainder and according to the wishes of the testator, but less certain sums which it itself reserves. It says: This property is ours, but we will allow you certain legatees to take a certain portion thereof and under certain conditions. One thing, indeed, is certain, and that is that none of the heirs or legatees have any vested interest in the property of a deceased person, and that the state can do away with the right of inheritance or bequest altogether. United States v. Perkins, 163 U. S. 625, 41 L. ed. 287, 16 Sup. Ct. Rep. 1073; Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 42 L. ed. 1037, 18 Sup. Ct. Rep. 594; Farmers' State Bank v. Smith, ante, 225, 162 N. W. 302; Eyre v. Jacob, 14 Gratt. 430, 73 Am. Dec. 367; State v. Hamlin, 86 Me. 495, 25 L.R.A. 632, 41 Am. St. Rep. 569, 30 Atl. 76.

If it can do this it can place any limitation which is not purely arbitrary on the right that it desires. The heirs are really donees and take by the bounty of the state. What right have any of them to complain of that which is allotted to them if only they receive the same share as others in the same class? Has not the Lord of the vineyard the right to do with his own as he pleases and even to give to one at the eleventh hour his full penny, while denying it, or merely giving a similar amount, to one who has borne the burden and the heat of the

day? It is a matter which is purely of legislative discretion. It is not one of personal right.

We have carefully read the cases cited by counsel for appellant. Few of them, however, involve inheritance taxes. The case of Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 42 L. ed. 1037, 18 Sup. Ct. Rep. 594, sustains such a tax, announces the doctrine that there is no vested right of inheritance, and, when it discusses classification, it does so incidently and merely in regard to the general rules pertaining to the same. It makes itself, indeed, very clear when it comes to the matter of inheritance taxes and announces the feudal rule of relationship, that the state can properly classify persons and estates bearing the same relationship to one another, and that as long as those within the class are all treated equally, they have no right of complaint because someone outside of the class is differently treated. See Magoun v. Illinois Trust & Sav. Bank, supra. It is to be noted that in the case at bar all nephews and nieces are treated alike, as well as all uncles and aunts and all cousins, and even if this be required, it is all that is required. The court, in the opinion in question, indeed, used the following language:

"The clause of the 14th Amendment especially invoked is that which prohibits a state denying to any citizen the equal protection of the laws. What satisfies this equality has not been and probably never can be precisely defined. . . . It may be safely said that the rule prescribes no rigid equality, and permits to the discretion and wisdom of the state a wide latitude as far as interference by this court is concerned. . . . The rule, therefore, is not a substitute for municipal law; it only prescribes that that law have *the attitude of equality of operation,* and equality of operation does not mean indiscriminate operation on persons merely as such, *but on persons according to their relations.* In some circumstances, it may not tax A more than B, but if A be of a different trade or profession than B, it may. And in matters not of taxation, if A be a different kind of corporation than B, it may subject A to a different rule of responsibility to servants than B. . . . In other words, the state may distinguish, select, and classify objects of legislation, and necessarily this power must have a wide range of discretion. It is not without limitation, of course. . . . Two principles, therefore, must be reconciled in the Illinois Inheritance Law if

it is to be sustained, the equality of protection of the laws guaranteed by the 14th Amendment, and the power of the state to classify persons and property. The latter principle needs further consideration. What test is there of the reasonableness of a classification—of one based upon 'some difference which bears a just and proper relation to the attempted classification—and is not a mere arbitrary selection?' Legislation special in character is not forbidden by it, as we have seen. . . . There is, therefore, no precise application of the rule of reasonableness of classification, *and the rule of equality permits many practical inequalities.* And necessarily so. *In a classification for governmental purposes there cannot be an exact exclusion or inclusion of persons and things.* Bearing these considerations in mind we can solve the questions in controversy. There are three main classes in the Illinois statute, the first and second being based respectively, on lineal and collateral relationship to the testator or intestate, and the third being composed of strangers to his blood and distant relatives. The latter is again divided into four subclasses, dependent upon the amount of the estate received. The first two classes, therefore, depend on substantial differences which may distinguish them from each other and them or either of them from the other class,—differences, therefore, which 'bear a just and proper relation to the attempted classification.' . . . *And if the constituents of each class are affected alike, the rule of equality prescribed by the cases is satisfied.* In other words, the law operates 'equally and uniformly upon all persons in similar circumstances.' . . . Nor do the exemptions of the statute render its operation unequal within the meaning of the 14th Amendment. . . .

"The provisions of the statute in regard to the tax on legacies to strangers to the blood of an intestate need further comment. . . . There are four classes created, and manifestly there is equality between the members of each class. *Inequality is only found by comparing the members of one class with those of another.* It is illustrated by appellant as follows: One who receives a legacy of $10,000 pays 3 per cent, or $300, thus receiving $9,700 net; while one receiving a legacy of $10,001 pays 4 per cent on the whole amount, or $400.04, thus receiving $9,600.96, or $99.04 less than the one whose legacy was actually $1 less valuable. . . . If there is unsoundness it must be in the classification. The members of each class are treated alike; that

is to say, all who inherit $10,000 are treated alike—all who inherit any other sum are treated alike. There is equality, therefore, within the classes. *If there is inequality it must be because the members of a class are arbitrarily made such and burdened as such upon no distinctions justifying it. . . . But neither case can be said to be contrary to the rule of equality of the 14th Amendment. That rule* does not require, as we have seen, exact equality of taxation. It *only requires that the law imposing it shall operate on all alike under the same circumstances. The tax* is not on money; it *is on the right to inherit;* and hence a condition of inheritance, *and it may be graded according to the value of that inheritance.* The condition is not arbitrary because it is determined by that value; it is not unequal in operation because it does not levy the same percentage on every dollar, does not fail to treat 'all alike under like circumstances and conditions, both in the privilege conferred and the liabilities imposed.' "

The case of Re McKennan, 27 S. D. 147, 33 L.R.A.(N.S.) 620, 130 N. W. 33, Ann. Cas. 1913D, 745, id. 25 S. D. 369, 33 L.R.A. (N.S.) 606, 126 N. W. 611, sustains inheritance taxes generally, differentiates them from ordinary taxes, and reiterates the statement made in the case of Re Fox, 154 Mich. 5, 117 N. W. 558, that all that is practically required is *equality within the classes.*

In the case of Re Pell, 171 N. Y. 48, 57 L.R.A. 540, 89 Am. St. Rep. 791, 63 N. E. 789, the tax was made to apply to remainders after they had vested, and was, therefore, not a succession or inheritance tax.

The case of State v. Hamlin, 86 Me. 495, 25 L.R.A. 632, 41 Am. St. Rep. 577, 30 Atl. 76, it is true, contains language which may tend to support the contention of the appellant, and to the effect that "it is necessary to make such excise uniform as to the entire class of collaterals." This language, however, was not necessary to the decision, and is inconsistent with the general rules relating to inheritance taxes and inconsistent with the very opinion cited, wherein it said: "It is entirely within the province of the legislature to determine who shall and who shall not take the estate, and the proportion in which they may take, and whether severally, or as joint tenants, *per capita* or *per stirpes.* In the absence of constitutional prohibition, the legislature is supreme, and may dispose of an intestate decedent's estate, after payment of his ·

debts, to any class or classes of his kindred, to the exclusion of any class or classes."

Although the case of Dixon v. Ricketts, 26 Utah, 215, 72 Pac. 947, cites the above opinion with a number of others, all it does is to sustain the validity of a tax on all inheritances above $10,000 in value, and contents itself with saying that an inheritance tax is not a tax upon property, but on succession; that "the right to take property by devise or descent is a creature of the law, and not a natural right—a privilege, and, therefore, the authority which confers it may impose conditions upon it."

The case of Re Wilmerding, 117 Cal. 284, 49 Pac. 181, it is true, also cites the case of State v. Hamlin, supra, but this only on the proposition that it is within the power of the legislature to impose inheritance taxes. It, indeed, lays down two general propositions: (1) "The right of inheritance, including the designation of heirs and the proportions which the several heirs shall receive, as well as the right of testamentary disposition, are entirely statutory and within the control of the legislature; and *the same legislative authority that confers the right or privilege of inheritance or of testamentary disposition may attach to it the condition that a portion of the estate so received shall be contributed to the state.*" (2) "The provision exempting estates valued at less than $500 from the collateral inheritance tax is valid, and the constitutional provision that all property shall be taxed in proportion to its value is inapplicable to such a tax, which is in the nature of an excise tax, the right to impose which includes the right to select the subjects upon which it shall be imposed, and, there being no constitutional provision that such a tax shall be imposed upon every inheritance, *the judgment of the legislature that it is in the public interest that the collateral inheritance tax shall be imposed only upon such inheritances as exceed $500 in value is not open to review.*"

But even if looked upon as a tax, where is there to be found any violation of any constitutional provision?

Since the statute covers the whole state and relates to the estates of decedents, no matter where found, it cannot be called local. It is not special, since it relates to all estates and to all heirs or devisees who come within the lines of relationship designated. We do not even believe that the sections of the Constitutions which guarantee the

equal protection of the laws is violated. These clauses do not prohibit classification. All of the authorities agree that it is only when legislative classification is obviously without reason and arbitrary that objection can be made. See Campbell v. California, 200 U. S. 87, 50 L. ed. 382, 26 Sup. Ct. Rep. 182. This court cannot say that the classification which is before us was entirely arbitrary. It is true that uncles and aunts are favored as against nephews and nieces, and that cousins are favored as against nephews and nieces. It is nevertheless true that the state was looking for revenue, and that if left to uncles and cousins, who would, in the great majority of instances, be much older than nephews and nieces, the property would sooner again need to be distributed by the courts and sooner subject to a second inheritance tax. It may well be, too, that the legislature was of the opinion that uncles and aunts, being older, would be more in need of the fund than nephews and nieces; and that, at any rate, the nephews and nieces would have a longer use of such fund and a longer period in which to gather its increments, whether earned or unearned. These considerations, it is true, might be of little force as against a statute which deprives persons of vested rights; but, as we have before stated, the plaintiffs in this case, and heirs generally, had no vested right in the estate of the deceased or in the right to inherit from it. State v. Hamlin, 86 Me. 495, 25 L.R.A. 632, 41 Am. St. Rep. 569, 30 Atl. 76; Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 42 L. ed. 1037, 18 Sup. Ct. Rep. 594; Moody v. Hagen, ante, 471, 162 N. W. 704.

The legislature of a state, except where limited by the state or Federal Constitutions, possesses complete legislative sovereignty. There are no limitations on that sovereignty expressed in the state constitutional provisions, to which we have before referred and on which appellant relies, that are not embraced or implied in the 14th Amendment to the Federal Constitution. Re Fox, 154 Mich. 5, 117 N. W. 558. Since due process of law involves an obedience to the provisions of both the state and Federal Constitutions, the case of Campbell v. California, supra, is in point and of great persuasive authority. In it the Supreme Court of the United States says:

"The contention is that the assailed law of California was repugnant to the 14th Amendment, because it subjected to the burdens of an inheritance tax or charge, brothers and sisters of a decedent, and did not

subject to any burden such strangers to the blood as the wife or widow of a son or the husband of a daughter of a decedent. We do not stop to refer in detail to the many forms of argument by which the contention is sought to be sustained, but content ourselves with stating that, whatever be the form in which the propositions relied on are advanced, they all reduce themselves to and must depend upon the soundness of the contention that the 14th Amendment compels the state, in levying inheritance taxes, and, *a fortiori,* in regulating inheritances, to conform to blood relationship. That is to say, in their last analysis all the arguments depend upon the proposition that the 14th Amendment has taken away from the states their power to regulate the passage of property by death, or the burdens which may be imposed resulting therefrom, because that amendment confines the states absolutely, both as to the passage of such property and as to the burdens imposed thereon, to the rule of blood relationship. To state the proposition is to answer it. Its unsoundness is demonstrated by previous decisions of this court. Magoun v. Illinois Trust & Sav. Bank, supra; Orient Ins. Co. v. Daggs, 172 U. S. 557, 562, 43 L. ed. 552, 554, 19 Sup. Ct. Rep. 281. It is true that in the first of the cited cases it was expressly declared or impliedly recognized that, in the exercise by the state of its undoubted power to regulate the burdens which might be imposed on the passage of property by death, a case might be conceived of where a burden would be so arbitrary as to amount to a denial of the equal protection of the laws. But this suggestion did not imply that the effect of the 14th Amendment was to control the states in the exercise of their plenary authority to regulate inheritances, and to determine the persons or objects upon which an inheritance burden should be imposed. In this case there can be no doubt, if the right of a state be conceded to select the persons who may inherit or upon whom the burden resulting from an inheritance may be imposed, the complaint against the statute is entirely without merit. The whole case, therefore, must rest upon the assumption that because the state of California has not followed the rule of blood relationship, but as to particular classes has applied the rule of affinity by marriage, therefore the constitutional provision guarantying the equal protection of the laws was violated. But, unless the effect of the 14th Amendment was inexorable to limit the states in enacting inheritance laws to the rule of blood relationship, such a regulation

plainly involved the exercise of legislative discretion and judgment, with which the 14th Amendment did not interfere. Such a regulation cannot in reason be said to be in exercise of merely arbitrary power. To illustrate: It assuredly would not be an arbitrary exercise of power for a state to put in one class, for the purpose of inheritance or the burdening of the privilege to inherit, all blood relatives to a designated degree, excluding brothers and sisters, and to place all other and more remote blood relatives, including brothers and sisters, in a second class along with strangers to the blood. This being true, it cannot, without causing the equality clause of the 14th Amendment to destroy the powers of the states on a subject of a purely local character, be held that a classification which takes near relatives by marriage and places them in a class with lineal relatives is so arbitrary as to transcend the limits of governmental power. If this were not true, state legislation preferring a wife in the distribution of the estate of her husband to a brother or sister of the husband would be void as repugnant to the 14th Amendment. So, also, would be the provision in the California statute we are considering, preferring an adopted child of a decedent to a brother or sister. With the motives of public policy which may induce a state to prefer near relatives by affinity to collateral relatives, we are not concerned; since the 14th Amendment does not deprive a state of the power to regulate and burden the right to inherit, *but at the most can only be held to restrain such an exercise of power as would exclude the conception of judgment and discretion, and which would be so obviously arbitrary and unreasonable as to be beyond the pale of governmental authority.*"

The judgment of the District Court is affirmed.

BIRDZELL, J., being disqualified, did not sit.

ROBINSON, J. (dissenting). This case challenges the validity of the Inheritance Tax Act, which is chap. 185, Laws 1913. Under this act the plaintiff was forced to pay to Burleigh county a tax of 5 per cent ($759.45) on property devised to him by his uncle, Fred Strauss. He sues to recover back the money. The case depends on the Constitution

and laws of this state, and not on anything in the Constitution of the United States or any other state, or on the laws of feudalism.

The majority opinion reasons from a wrong premise. It says: "None of the heirs have any vested interest in the property of a deceased person, and the state can do away with the rights of inheritance or bequest altogether;" that *"the heirs are really donees* and *take by the bounty of the state."* That is the old antiquated rule of law which came from the Norman Conquest, and it is not at all in accord with the 1st section of our Bill of Rights, which reads thus:

Sec. 1. "All men are by nature equally free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty; acquiring, possessing, and protecting property and reputation, and pursuing and obtaining safety and happiness."

Sec. 2. "Government is instituted for the protection, security, and benefit of the people."

This means that every man has a right to acquire property by gift, sale or purchase; that government is instituted *to protect the people, and not to rob either the living or the dead.* The right to acquire and protect property is no greater than the right to dispose of it by sale or gift. According to the fundamental principles of right, when, by any just means, a person acquires title to property, *it belongs to him and his heirs,* who often help to earn the property, and when he can no longer use his property he has a just right, and he is under moral obligations, to devise and transfer it to his heirs. The state does not stand in the place of William the Conqueror. It is no Lord Paramount. It is merely a corporate entity which we, the people, have devised and created for the purpose of protecting our natural rights. It has no kingly prerogatives. It does not exist by Divine right. It is not the natural heir of any person, and it has no right to rob the citizen who pays his just and apportionate share of the public burdens.

The Inheritance Tax Law shows on its face that it is a thief and robber. It imposes a tax of from 1 to 25 per cent on inheritances, devises and gifts. Its title is: "An Act Providing for Taxation and Fixing the Rate of Taxation on Inheritances, Devises, Gifts." The first section reads thus: *"A tax shall be and is hereby imposed* upon the transfer of any property or any interest therein to any person in certain specified cases." If this is not an act providing for *taxation and fixing*

*the rate of taxation,* then it is void under § 61 of the Constitution, which is that the subject of every act must be expressed in its title.

By § 176 of the original Constitution, all property must be taxed by uniform rule, according to its value in money, and by this section, as amended, taxes shall be uniform upon the *same class of property.* Thus, it appears that property may be classified for taxation, and that the classing must depend upon the kind or character of the property, and not on the character of its owner, the color of his hair, or his relationship to any person. Now, since the act in question is in conflict with § 61 unless it pertains to taxation, and since the varying taxes which it imposes depends on the relationship of parties to one another and not on the classification of property, the act is void. It is in direct conflict with the state Constitution, and is contrary to the fundamental principles of natural right and justice. If such a system of taxation has been sustained by the courts of any state, under similar Constitutions, then it is becauses the judges did not know any better. Some judges do not give their modern Constitution half the consideration they give to the laws of feudalism. Some judges are slow to learn that it is not the purpose of modern Constitutions to rob men of their property, as they did for centuries after the Norman Conquest.

In the majority opinion it is said: "The so-called inheritance tax is not a tax at all." Well, if that is true, then the act in question, chapter 185, is void because the title does not express the subject of the act, and the law regards form less than substance.

The question in this case is, what may be done under the present Constitution, and not, what might be done under a different Constitution. Chapter 185, Laws 1913, is wholly void. It is an act to provide for taxation and fixing the rate of taxation, and it does not fix the tax on all property, or on the same class of property by uniform rule according to its value and money, and it attempts to classify certain property for taxation according to the relationship of the parties interested, and it denies to the owner of property his constitutional right to dispose of it. The act should be held void, with judgment reversed.