## In re PERSON'S ESTATE.

Second Division. Nome. May 7, 1927.

No. 3032.

1. **Paupers ☞40—False Pretenses—Obtaining Aid from Territory, Having Property.**

The deceased applied to the territory for relief as an indigent pioneer, and thereby obtained aid in the sum of $1,440 between October, 1916, and March, 1926. Upon her death, on the 26th day of March, 1926, it was discovered that she left property appraised at more than $4,000 and no heirs. The territory made a claim against her estate for the total sum advanced to her out of the territorial funds. *Held,* the claim against the estate was valid, and allowed in full.

2. **Paupers ☞40—Statutes—Constitutional Law.**

The territory advanced funds to the deceased, as an indigent pioneer of Alaska, from 1916 to the time of her death in 1926. The Legislature, by an act of 1921 (chapter 45), provided for the recovery of money so advanced from the estate of such persons when they died without heirs. On objection that no recovery could be had of such funds so advanced prior to the passage of the act of 1921, *held,* the statute under which the claim is made is retrospective, but it does not impair any vested right, nor interfere with any contractual relation, and is valid.

The above-entitled matter came on for hearing before the court, without a jury, upon petition presenting the verified claim of the territory against said estate, after its disallowance by the executor of said estate; said claim being for all allowances made by the Trustees of the Pioneers' Home to, and during the lifetime of, said deceased, as beneficiary, under the statutes touching aged resident pioneers.

Fred Harrison, Dist. Atty., of Nome, Charles E. Taylor, Asst. Dist. Atty., of Fairbanks, and John Rustgard, Atty. Gen., for petitioner.

G. A. Adams, of Nome, pro se.

LOMEN, District Judge. There were no pleadings, except a demurrer to the petition, which was overruled. The claim was supported by oral and record testimony showing that quarterly payments had been made to Elin Person, aggregating $1,440, from October, 1916, to March, 1926, inclusive; that

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

said payments were made under the provisions of the laws of the territory touching aged and indigent pioneers; that said Elin Person died at Nome, Alaska, testate, on the 26th day of March, 1926; that she left an estate appraised at more than $4,000, but no husband or child; that G. A. Adams is the duly qualified and acting executor of said estate; that said claim was duly presented to said executor and disallowed; that said claim was thereupon presented to this court for allowance, upon notice to the said executor.

. By his demurrer, and upon the hearing, the respondent questioned the legality of said claim, the validity of the statutes, and the jurisdiction of the court. The objections are not well taken. The claim is presented pursuant to statute, and the amount thereof is an obligation created by statute. The proceedings had were regular, and the obligations created were subjects of rightful legislation. The claim is a legal one in the amount of allowances paid, to wit, $1,440, and the statutes are, in the opinion of the court, valid. The court has jurisdiction of the subject-matter and of the parties. The claim became due on the death of the said beneficiary March 26, 1926. No statute of limitation could or did run against it.

Inasmuch as the claim was based upon the statutes, hereinafter referred to, we do not consider it necessary to find, although persuasive reasons might be given therefor, that the claim could be treated as due under an implied assumpsit, for fraud practiced on the territory. The value of the decedent's estate is hardly consistent with good faith on part of the beneficiary in seeking and accepting the allowances.

In support of our conclusions we observe:

1. The statutory enactments germane to the subject are: Laws of 1913, chapter 80, providing a home for dependents, subject to regulations of a board of trustees; Laws of 1915, chapter 64, providing for certain allowances for aged residents of Alaska who are entitled to the benefits of the Pioneers' Home at Sitka, on certificate of the board of trustees, annulled by Laws of 1917, chapter 49, and Laws of 1919, chapter 17, the latter act repealing chapter 49, Laws of 1917; Laws of 1919, chapter 23, providing that "the territory shall have a preferred claim against the estates of deceased inmates of the Pioneers' Home." Laws of 1921, chapter 21,

amended Laws of 1915, chapter 64, and chapter 45, Laws of 1921,[1] provided that the Governor shall file claims against the estates of deceased persons who have received or may hereafter receive an allowance from the territory. Section 1655, Compiled Laws of Alaska, prescribes mode of presentation of claim.

2. Objection was made by the respondent, the executor, to the appearance of the district attorney on behalf of the Attorney General. No advantage was taken by proceedings under section 1570 et seq., Compiled Laws of Alaska, and the objection does not go to the jurisdiction of the court. We ignore it, except to say that the appearance was made at the request of the Attorney General.

3. As to the nature of the proceeding, we find that it complies with all statutory requirements. No pleadings are necessary. 24 Corpus Juris, pp. 398, 399; sections 1596 and 1597, Compiled Laws of Alaska. The executor was duly served with notice of presentation of the claim. The court had jurisdiction to hear, try, and determine the claim. Section 1655, ante; Wilkes v. Cornelius, 21 Or. 341, 23 P. 473; Blaskower v. Steel, 23 Or. 106, 31 P. 253. In re Estate of M. O. Gladough, 1 Alaska, 649, same case under title Esterly v. Rua (C. C. A.) 122 F. 609; In re Johnson Estate, 5 Alaska, 114.

4. No jury was called for, nor was either party entitled to a trial by jury. Esterly v. Rua, ante.

5. Respondent, the executor, wholly failed to cite authori-

___

1 Laws 1921, chapter 45, section 1:

"Whenever any aged resident or pioneer of Alaska who has received or may hereafter receive an allowance from the territory, or whenever any person who has been or may hereafter be an inmate of the Pioneers' Home at Sitka, Alaska, shall die, leaving property but no widow or minor child under eighteen years of age, and the territory of Alaska shall have a claim against the estate of the deceased pursuant to the provisions of the laws of the territory, and letters testamentary or of administration shall issue for the settlement of the estate of such deceased pioneer, it shall be the duty of the Governor to file with the executor or administrator the claim of the territory against such estate and the Attorney General shall prosecute the same. * * *

"Section 2. This act shall apply as well to property which has been left by such pioneers who have heretofore died, and who at the time of their demise were inmates of said Pioneers' Home at Sitka, or who received allowance from the territory pursuant to law."

ties to support his contention of want of jurisdiction in the court, or the unconstitutionality of the territorial statutes above referred to. At common law, except for fraud, the territory could not in all probability have maintained an action against Elin Person to recover the allowances awarded her. It does not follow that the Legislature could not properly enact the statutes under which the instant claim is presented against her estate. Maine, Pennsylvania, Massachusetts, and Kentucky have similar statutes. They have been sustained. See note to Anderson v. Eggers, 55 L. R. A. at page 572; Montgomery Co. v. Nyce, 161 Pa. 82, 28 A. 999; Oneida County v. Bartholomew, 82 Hun, 80, 31 N. Y. S. 106; 151 N. Y. 655, 46 N. E. 1150; Haynes v. Wells, 6 Pick. 462. The disposition of decedent's estate is a matter of statutory regulation. 9 R. C. L. pp. 13, 14, and 19; Strauss v. State, 36 N. D. 594, 162 N. W. 908, L. R. A. 1917E, 909; 6 R. C. L. p. 80, § 76; Magoun v. Ill., etc., Bank, 170 U. S. 288, 18 S. Ct. 594, 42 L. Ed. 1641.

The statute under which the claim is made is retrospective; but it does not impair any vested right nor interfere with any contractual relation, and is valid. 25 R. C. L. 787, § 35, notes 9, 10, and 11; Satterlee v. Matthewson, 2 Pet. (27 U. S.) 243; Watson v. Mercer, 8 Pet. (33 U. S.) 56; Charles River Bridge v. Warren Bridge, 11 Pet. (36 U. S.) at 425, 9 L. Ed. 773. The rights of the heirs, if any, and the beneficiaries, are merely "expectant." 6 R. C. L. 308, § 294; 9 R. C. L. 80, § 76; Strauss v. State, 36 N. D. 594, 162 N. W. 908, L. R. A. 1917E, 909.

If it were necessary to treat the claim as one arising in implied assumpsit, for fraud practiced by the deceased in obtaining the allowances, this court would be inclined to hold the estate liable on that ground. Eggers v. Anderson, 63 N. J. Eq. 264, 49 A. 578, 55 L. R. A. 570, and Bayne v. U. S., 93 U. S. 642, 23 L. Ed. 997, would seem to be sufficient authority to do so. The claim was expressly filed under the statute, and we think this was sufficient.[2] Under these circumstances

[2] Compiled Laws of Alaska, chapter 84, section 1655:

"* * * If any executor or administrator shall refuse to allow any claim or demand against the deceased after the same may have been exhibited to him in accordance with the provisions of this act, the claimant may present his claim to the commissioner having jurisdic-

no question of the statute of limitations can arise. The claim became due upon the death of the testatrix, Elin Person. Under these circumstances, we hold that the interest began to run from March 26, 1926, and not from the date of the payment of the "allowances."

Let findings and decree be prepared in accordance herewith.

---

tion or to the district court of the judge thereof for allowance, giving the executor or administrator thirty days' notice of such application to the court. The district court or the judge thereof shall have power to hear and determine in a summary manner all demands against any estate agreeably to the provisions of this chapter, and which have been so rejected by the executor or administrator, and shall cause a concise entry of the order of allowance or rejection to be made on the record, which order shall have the force and effect of a judgment, from which an appeal may be taken as in ordinary cases: Provided, no claim which shall have been rejected by the executor or administrator, as aforesaid, shall be allowed by any court, judge, referee, or jury, except upon some competent or satisfactory evidence other than the testimony of the claimant. No claim shall be allowed by the executor or administrator or the district court or judge which is barred by the statute of limitations."