[Argued September 27, 1892; decided October 25, 1892.]

## BLASKOWER et al. *v.* JAMES STEEL, Admr.

[ S. C. 31 Pac. Rep. 252.]

1. STATUTE OF LIMITATIONS.— The latter half of section 18 of the Oregon Code has no application to an action not already barred by the statute of limitations; it may prolong the time limited, but does not in any case shorten it.

2. LIMITATION — STATUTORY PROHIBITION.—In ascertaining whether an action is barred by the statute of limitations, the period of six months during

which an action against the personal representatives is forbidden, must not be regarded as part of the time limited for commencing the action: Hill's Code, §§ 20, 377, 378.

3. LIMITATION — PAYMENT — REVIVAL OF DEBT.—A payment upon an entire account, and not upon specific items, revives the whole account for a further statutory period: *Creighton* v. *Vincent*, 10 Or. 56, cited and followed.

Multnomah County: E. D. SHATTUCK, Judge.

Plaintiff appeals. Reversed.

*Francis D. Chamberlain*, for Appellant.

*Albert H. Tanner*, for Respondent.

BEAN, J.—This is an action by the firm of Blaskower & Cohen against James Steel, administrator of the estate of Ben Holladay, deceased, for goods, wares, and merchandise. The defense is the statute of limitation. The cause was tried in the court below without the intervention of a jury, and, so far as material to the question before us, the facts are that between January 12, 1878, and May 18, 1885, plaintiffs sold and delivered to Ben Holladay, sundry quantities of cigars, of the reasonable aggregate value of six hundred and thirty dollars and sixty-five cents, upon which no payments or credits have been made except the sum of two hundred dollars and fifty cents, paid by Holladay on June 3, 1884, and a credit of nineteen dollars and seventy-five cents on May 18, 1885, by cigars returned, which the court below found "were accepted by plaintiffs as a part payment" of the account. Ben Holladay died on July 7, 1887, leaving a will in which Joseph Holladay was appointed executor, who duly qualified as such on the eleventh day of April, 1888, and continued so to act until May 31, 1889, when he was removed by the county court of Multnomah County; and on June 3, 1889, the defendant was appointed administrator with the will annexed. The claim of plaintiffs was duly presented to Joseph Holladay as such executor, during the first six months of his executorship, and was by him disallowed. This action was commenced on

the eleventh day of September, 1891; and the court below found that all the items of the account prior to November 15, 1883, amounting to three hundred and sixteen dollars and sixty-five cents, are barred by the statute of limitation, and entered judgment for plaintiffs for the balance of the account less the credit of two hundred and twenty dollars and twenty-five cents, from which judgment both parties appeal.

1.   In support of defendant's appeal it is contended that the case comes within the provisions of section 18, Hill's Code, and is barred because not commenced within six months after the issuing of letters testamentary to Joseph Holladay.   This section, so far as applicable to the question thus presented, is that "if a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representatives after the expiration of that time, and within six months after the issuing of letters testamentary or of administration."   It is a general rule of law that when to a party capable of suing, a right of action has accrued against a party who may be sued, the statute begins to run, and its running will not be suspended by the happening of any subsequent event, unless within some saving clause of the statute ; and the subsequent death of the debtor or the lapse of time before the appointment of his personal representative is no exception to the rule:   1 Robinson's Practice, 591 ; *Handy* v. *Smith*, 30 W. Va. 195 (3 S. E. Rep. 60); *Harshberger* v. *Alger*, 31 Gratt. 52–67 ; and this is true although the debtor may die within the period fixed by the statute, and by reason of litigation as to the right to probate, an executor or administrator may not be appointed until after the expiration of the time limited :   *Rhodes* v. *Smethurst*, 4 M. & W. 41.   To avoid the harshness and injustice of this rule, which often barred a cause of action without any fault or laches on the part of the creditor, the statute in question was enacted, which

preserves to a creditor the right to bring an action within six months after the appointment of an executor or administrator, when the time limited would otherwise expire subsequent to the death of the debtor, and before the appointment of his personal representative.     This statute, however, has no application to the case at bar, because the six years' limitation did not expire for more than three years after the appointment of Joseph Holladay as executor, and consequently the facts do not bring it within the provisions of the section.     This section may, in cases falling within its terms, prolong the time originally limited, but does not in any case operate to shorten it, or limit the time of bringing an action against an administrator or executor upon a claim not barred by the statute of limitation: *Lowell* v. *Kier*, 50 Cal. 647; *Moore* v. *Whitcher*, 64 N. H. 590 (15 Atl. Rep. 207).

2.     The next question in this case then, is whether the action is barred by the statute without reference to section 18.     By sections 377 and 378 of the Code, an action cannot be maintained against an executor or administrator until the rejection of the claim and the expiration of six months from the granting of letters testamentary; and by section 20, when the commencement of an action is stayed by a statutory prohibition, the time of the continuance of such prohibition shall not be a part of the time limited for the commencement of the action.     And it is manifest that the allowance of six months after the issuing of letters testamentary before an executor can be sued, is a statutory prohibition within the meaning of section 20, and has the effect of suspending the operation of the statute during that time: *Dowell* v. *Webber*, 2 S. & M. 452; *Moses* v. *Jones*, 2 Nott & McCord, 259; *Moore* v. *Smith*, 29 S. Car. 254 (7 S. E. Rep. 485). Hence this action was commenced within the time limited, and is not barred by the statute of limitations.

3.     The only remaining question is the one raised by plaintiffs' appeal, and depends upon the effect to be given to the payment of two hundred dollars and fifty cents on

June 3, 1884, and of nineteen dollars and seventy-five cents on May 18, 1885. The contention of plaintiffs is that the payment of June 3, 1884, removed the statute bar as to the balance of the account, and fixed a new period from which the statute commenced to run as to such balance, and the payment of May 18, 1885, had the same effect; so that the statute only commenced to run as to the balance due on the account from May 18, 1885, the date of the last payment, and therefore none of the account is barred; while defendant contends that all that part of the account which accrued more than six years prior to the date of the first payment was not taken out of the operation of the statute by the payments. It appears from the findings of the court that each of these payments was made upon the entire account and not upon any specified portion thereof; and while there is room for argument as to whether the mere return of goods purchased and a credit therefor on the account would constitute a payment within the meaning of the statute, we are bound by the findings of the court in that matter, and must consider the credit of May 18, 1885, as a payment on the account. The effect of such a payment was considered by this court in *Creighton* v. *Vincent*, 10 Or. 56, in which LORD, C. J., speaking for the court, said: "The payment by a debtor of a certain sum to his creditor, with the understanding that it shall be treated as a payment on his debt, will be sufficient to revive the cause of action barred by the statute. And when the creditor applies the amount paid upon the debt as a credit, with the assent of the debtor, it is sufficient to revive the debt." The authorities are uniform, that where a general payment is made on account of a greater debt, unless accompanied at the time by some qualifying declarations or acts on the part of the party making the payment indicating a contrary intent, it is considered an unequivocal admission of a subsisting contract or liability, and revives the debt because it is deemed a recognition of it and an assumption of the balance due: Wood Lim.

§ 97; *Barron* v. *Kennedy,* 17 Cal. 574; *Harris* v. *Howard,* 36 Vt. 695; *Hewlett* v. *Schenck,* 82 N. C. 234. "It operates," says Mr. Chief Justice COOLEY, in *Miner* v. *Lorman,* 56 Mich, 212 (22 N. W. Rep. 265), "as an acknowledgment of the continued existence of the demand, and as a waiver of any right to take advantage, by plea of the statute of limitation, of any such lapse of time as may have occurred previous to the payment being made. The payment is not a contract; it is not in itself even a promise, but it furnishes ground for implying a promise in renewal from its date of any right of action which before may have existed."

The judgment of the court below is therefore reversed, and a judgment will be entered here in favor of plaintiffs for the amount claimed.