Argued and submitted January 2, reversed and remanded November 26, 2014, petition for review denied April 24, 2015 (357 Or 164)

JAMES RAY DAVIS,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Marion County Circuit Court
10C22309; A150645

340 P3d 713

Kathryn Mary Pratt argued the cause for appellant. On the briefs was Steven J. Sherlag.

Karla H. Ferrall, Assistant Attorney General, argued the cause and filed the brief for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Duncan, Judge, and DeVore, Judge.

DEVORE, J.

**DEVORE, J.**

Plaintiff sought damages first in federal court, then in state court, because the state prolonged his incarceration by improperly calculating his release date from prison.[1] The federal court dismissed claims under state law for lack of jurisdiction and denied claims under federal law on their merits. Plaintiff then filed this action in state court, renewing tort claims under state law. The state sought summary judgment premised on an application of the two-year statute of limitations in the Oregon Tort Claims Act (OTCA), ORS 30.275(9), and on a rejection of Oregon's "saving statute," ORS 12.220. Plaintiff opposed the motion, relying on the added time that ORS 12.220 allows in which to refile a claim. The trial court granted defendant's motion and dismissed the complaint. Plaintiff appeals. "We review the grant of a motion to dismiss based on the expiration of a statute of limitations for errors of law." *Macnab v. State of Oregon*, 253 Or App 511, 514, 291 P3d 758 (2012). Because we conclude that plaintiff's claims are not time barred, we reverse and remand.

Although not simple, this case reduces to two questions: (1) Insofar as ORS 30.275(9) renders statutes of "limitation" in ORS chapter 12 inapplicable to claims against the state, should the saving statute at ORS 12.220 be characterized as a statute of limitation, or as something else? And, (2) does the saving statute apply to this case so as to permit refiling of unresolved claims under state law, although the claims under federal law were decided on their merits?

## I. BACKGROUND

The procedural history is uncontested. In November 1998, plaintiff was arrested on state and federal criminal charges. In January 2000, plaintiff pleaded guilty in state and federal courts, and each court separately sentenced him to 80 months of incarceration. The two sentences were to be served concurrently. He began serving time in state custody. Later, his federal sentence was amended to include an order

---

[1] On plaintiff's motion for summary judgment, the federal court concluded that the date was miscalculated.

to the Oregon Department of Corrections (ODOC) to release him to serve the federal sentence, with credit for time served while he was in state custody. He was transferred to federal custody. He completed serving his federal sentence on October 21, 2004, and was returned to state prison to complete the balance of his sentence.

ODOC employees initially projected plaintiff's release date as August 6, 2005, but, later, they recalculated his release date as September 4, 2006.[2] He protested that the prolonged date was wrong since it did not credit time served while he had awaited sentencing. Denied correction, he filed a petition for a writ of habeas corpus, and the petition was resolved in a settlement agreement. Pursuant to the agreement, plaintiff was released on May 1, 2006—268 days after his original release date and 127 days before the recalculated release date.

On April 27, 2007, plaintiff filed a civil complaint in the United States District Court of Oregon.[3] He alleged that his release date had been miscalculated by denying him credit for time served prior to sentencing. He sought damages on civil rights claims under federal law and on three tort claims under Oregon law: false imprisonment, negligence, and negligent infliction of emotional distress. Plaintiff filed a motion for partial summary judgment as to the error in calculating his prison term, and defendant filed two, successive motions for summary judgment. Among other things, defendant claimed that the settlement agreement barred plaintiff's subsequent claims, while plaintiff contended that duress invalidated the settlement agreement.

In its orders, the federal court concluded that (1) ODOC improperly calculated plaintiff's release date; (2) the settlement agreement did not mean that his actual,

---

[2] The federal system had credited plaintiff with the 393 days he had served in state custody while he awaited sentencing. ODOC, however, refused to credit him for that time, asserting that plaintiff had already received that credit in his federal sentence. The recalculation was made consistently with ODOC policies and written advice from the Oregon Department of Justice.

[3] The parties do not dispute that plaintiff's federal case was timely commenced, nor do they dispute that plaintiff's subsequent state case was commenced within 180 days after the federal court entered its judgment dismissing his first case.

compromised release date was proper; (3) the validity of the settlement agreement was an issue of fact for trial; (4) if the agreement is valid, then plaintiff's claims under 42 USC section 1983 would be barred; (5) plaintiff's state-law claims could not be litigated in federal court due to the Eleventh Amendment to the United States Constitution;[4] (6) plaintiff's section 1983 claims failed on these facts as violations of the Eighth and Fourteenth Amendments; and (7) the employee-defendants were entitled to qualified immunity. On August 19, 2010, a judgment was entered dismissing plaintiff's federal case.

On October 21, 2010, plaintiff filed a case in Marion County Circuit Court, realleging his tort claims under state law.[5] The state moved for summary judgment based on ORS 30.275(9), the two-year statute of limitations in the OTCA. With emphasis on its disputed language, the statute provides:

> "[N]otwithstanding *any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action,* an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

ORS 30.275(9) (emphasis added). Plaintiff argued that his claims were not barred by the OTCA's two-year provision, because ORS 12.220 is not a statute of limitation, and, as a consequence, the saving statute should protect his tort claims. In relevant part, ORS 12.220 provides

> "(1)   * * * if an action is filed with a court within the time allowed by statute, and the action is involuntarily dismissed without prejudice on any ground not adjudicating

---

[4] As such, the state claims were not resolved on the merits. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State * * *." The amendment bars citizens from bringing suits in federal court against a state for prospective relief or for money damages unless immunity is waived by the state or abrogated by the United States Congress. *See, e.g., Erwin v. Oregon ex rel. Kitzhaber,* 231 F Supp 2d 1003, 1007 (D Or 2001), *aff'd,* 43 F App'x 122 (9th Cir 2002), *cert den,* 537 US 1172 (2003).

[5] The filing date of that complaint was over four years after plaintiff's release, but it was only 63 days after the federal court dismissed his case.

the merits of the action * * * and the statute of limitations for the action expired, the plaintiff may commence a new action based on the same claim or claims against a defendant in the original action if the defendant had actual notice of the filing of the original action * * *.

"(2)   If, pursuant to subsection (1) of this section, a new action is commenced * * * not later than 180 days after the judgment dismissing the original action is entered in the register of the court, the new action is not subject to dismissal by reason of not having been commenced within the time allowed by statute."

The trial court focused on the "notwithstanding clause" of ORS 30.275(9) and viewed ORS 12.220 to be just another statute of limitations in ORS chapter 12. The court deemed the saving statute to be supplanted by the two-year limitation of the OTCA. The court concluded that, since the saving statute did not apply, plaintiff's claims were time barred. The circuit court entered a judgment dismissing plaintiff's refiled claims.

On appeal, plaintiff contends that the saving statute should not be seen as a statute of limitations but rather as a tolling statute, as a statute about commencement or relation-back, or as something *other* than a statute of limitation. The state asserts or reasserts two arguments. First, the state argues that, as a statute of limitation, ORS 12.220 is supplanted by ORS 30.275(9). The state sees, as indicative of a limitation, the 180-day period that ORS 12.220 requires for refiling. Second, the state argues that, even if ORS 12.220 could apply to state claims generally, the saving statute should not apply, because, in relevant part, the saving statute operates only when an "*action* is involuntarily dismissed without prejudice," and, in this case, plaintiff's federal claims in the earlier "action" were adjudicated "on the merits." (Emphasis added.)

## II.   SAVING STATUTE

The first question is of broad import when asking whether the OTCA makes the saving statute inapplicable to all claims against government entities. The answer requires an interpretation of the term, statute of

"limitation," as used in the "notwithstanding clause" of ORS 30.275(9) and, in light of that interpretation, a characterization of ORS 12.220 as either a statute of limitation or as something else. The interpretative task has already been done. The task of characterization remains for our decision here.

In *Baker v. City of Lakeside*, 343 Or 70, 83, 164 P3d 259 (2007), the Supreme Court construed the "notwithstanding clause" of ORS 30.275(9) in order to determine whether a plaintiff may employ ORS 12.020(2) when commencing a claim against a city. The plaintiff's complaint had been timely filed, and the summons and complaint were served within 60 days. But two years had passed in the meantime. Although ORS 12.020(1) provides that an action is deemed commenced upon completion of filing of a complaint *and* service upon a defendant of summons and complaint, ORS 12.020(2) provides the common alternative. Under subsection (2), a plaintiff's action is deemed commenced upon the earlier date of the filing of a complaint if the subsequent service of summons and complaint on a defendant is achieved within 60 days of filing. In *Baker*, the city contended that the "notwithstanding clause" of ORS 30.275(9) rendered ORS chapter 12 wholly inapplicable, most especially the "relation back" provision for commencement of an action at ORS 12.020(2). In the city's view, the claim should have been time barred.

The court recited that ORS 30.275(9) provided, in part, "[n]otwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action," a claim against a public entity must be commenced within two years. *Baker*, 343 Or at 73 (quoting ORS 30.275(9)). The court held that the phrase, "providing a limitation on the commencement of an action," modifies *both* the terms "ORS chapter 12" and "other statute." The "notwithstanding clause" does not render inapplicable all of chapter 12. Rather, "the notwithstanding clause in ORS 30.275(9) applies only to those provisions of ORS chapter 12 and other statutes that provide a limitation on the commencement of an action." *Id*. at 82. The "notwithstanding clause" renders inapplicable the statutes

of limitations in chapter 12, but it does not affect the "commencement" alternative or "relation back" provision in ORS 12.020(2). *Id.*

The *Baker* court identified some provisions within ORS chapter 12 that are statutes of limitation and other provisions that are something else. The court observed:

> "ORS chapter 12 consists primarily of sections providing the limitations periods for commencing various kinds of actions. *See, e.g.*, ORS 12.050 (limitations period for actions to recover real property); ORS 12.060 (limitations period for actions on land sale contracts); ORS 12.070 (limitations period for actions on judgments). However, that chapter also includes other provisions. As noted, ORS 12.020 sets out the rules for determining when an action will be commenced * * *. Another provision, ORS 12.160 tolls the time in which persons under 18 years of age and persons who are 'insane' are required to bring an action. It is possible that, as the city argues, * * * the legislature intended to preclude plaintiffs bringing OTCA claims from relying on the longstanding rule of procedure set out in ORS 12.020. It is also possible that the legislature may have intended to deny children and persons with mental disabilities bringing OTCA claims the benefit of a tolling rule that those plaintiffs would enjoy in any other action. But we are hesitant to attribute that intent to the legislature when it has not said so explicitly."

*Id.* at 77. The court found that nothing in legislative history suggested that the legislature intended to deny tolling provisions to injured children or persons with mental disabilities. *Id.* at 82. By logical extension, nothing compelled a conclusion that ORS 30.275(9) was intended to deny the plaintiff the benefit of the "relation back" or commencement alternative in ORS 12.020(2). Thus, when viewing the many provisions of ORS chapter 12 from the preemptive perspective of ORS 30.275(9), a distinction is drawn between statutes of limitation and other types of statutes in ORS chapter 12.

Given that interpretation, this case turns on the characterization of the saving statute, ORS 12.220. We must ask whether ORS 12.220 "establishes a separate limitation

period for commencing an action" or whether it does something else, such as toll or extend the time in which to file an action, provide when an action is commenced, or operate as any mechanism other than a timelimit on classes of claims. *See, e.g., Bell v. Tri-Met*, 353 Or 535, 542, 301 P3d 901 (2013) (holding three-year survival statute was a statute of limitation supplanted by the OTCA two-year limitation).

The saving statute has characteristics that are other than those of a statute of limitation. The savings statute parallels ORS 12.020(2), the "relation back" provision on commencement of a claim, which *Baker* reviewed. The saving statute provides that, if a complaint is filed initially within a governing statute of limitations, if the action is dismissed for specified reasons, if defendant had actual notice of the original filing, and if a new action is filed within 180 days of the prior action's dismissal, then "the new action is *not subject to dismissal* by reason of not having been commenced within the time allowed by statute." ORS 12.220(2) (emphasis added). By providing that a later action is not subject to dismissal, the statute makes the date of filing of the initial action the critical date for the later action. For purposes of whatever statute of limitation may apply, the later action is deemed to be commenced at the time of the filing of the initial complaint. In that way, ORS 12.220 functions like ORS 12.020(2). Both are provisions whereby subsequent events relate back to an earlier filing. Both describe when the action in question is deemed commenced.

The Supreme Court has recognized that ORS 12.220 "'gives additional limited time where an action is dismissed that has not been heard on its merits and its statutory limitation has expired after the initial filing.'" *Tikka v. Martin*, 271 Or 287, 292, 532 P2d 18 (1975) (quoting *Wolf Investments v. Shroyer*, 249 Or 23, 25, 436 P2d 554 (1968)). Provided that the original complaint was filed in a court within an applicable limitation period and other conditions are met, then, upon dismissal of the original action, a new action may be filed. Refiling must be within 180 days after dismissal. Operating in that way, the saving statute is an extension statute. As such, ORS 12.220 resembles ORS

12.190 on the effect of death of a plaintiff or defendant.[6] The extension statute on death, like the saving statute, does not replace whatever statute of limitation, among the alternatives, that may pertain to a given category of claim; instead, under the right circumstances, it offers to extend the time in which to file the claim. *See Blaskower v Steel*, 23 Or 106, 31 P 253 (1892) (construing an early version of the extension statute, The Codes and General Laws of Oregon, ch I, title II, § 18 (Hill 1887)).

The saving statute is not a statute of limitation. Although ORS 12.220 has a condition that it is effective only if a plaintiff refiles the claim within 180 days of dismissal, that condition is no different in nature than the condition in ORS 12.020 that a plaintiff must serve summons and complaint within 60 days of filing in order that the action will be deemed commenced at the earlier date of filing. Such a condition did not render ORS 12.020 a "limitation" in *Baker*, and such a condition does not render ORS 12.220 a "limitation" here.

*Baker* distinguished the statutes of limitation such as ORS 12.050 (limitations recovery of real property), ORS 12.060 (land sale contracts), or ORS 12.070 (actions on judgments). 343 Or at 70. Other statutes, too, are helpful contrasts. They are ORS 12.080 (*e.g.*, contract actions, trespass, or damage to property), ORS 12.110 (*e.g.*, personal injuries), ORS 12.120 (*e.g.*, defamation), and ORS 30.075(1) (survival actions). *See Bell*, 353 Or at 537 (holding ORS 30.075(1) superseded by ORS 30.275(9)). Statutes of limitation are quite different in nature from the saving statute. Unlike statutes of limitation, the saving statute does not concern a particular

---

[6] While not itself serving as a statute of limitation, ORS 12.190 offers the chance to extend the time in which to commence an action by one year from the death. The statute provides:

"(1) If a person entitled to bring an action dies before the expiration of the time limited for its commencement, an action may be commenced by the personal representative of the person after the expiration of that time, and within one year after the death of the person.

"(2) If a person against whom an action may be brought dies before the expiration of the time limited for its commencement, an action may be commenced against the personal representative of the person after the expiration of that time, and within one year after the death of the person."

ORS 12.190.

cause of action, the substantive nature of the claim, or a category of plaintiffs or defendants. The saving statute is individualized to a particular case and is procedural like the "relation back" provision in ORS 12.020. The savings statute concerns special circumstances like other tolling or extension statutes: ORS 12.150 (a person's absence from the state), ORS 12.155 (an advance payment for an injury), ORS 12.160 (minors or mental incapacity), or ORS 12.190 (death of a party). The savings statute does not create a limitation on the time in which to commence an action as to a type of claim. "The clear purpose of ORS 12.220 is to preserve only pre-existing claims * * *." *McNeely v. Weyerhaeuser Co.*, 115 Or App 184, 188, 837 P2d 546 (1992), *rev den*, 315 Or 312 (1993).

Because ORS 12.220 is not a provision of ORS chapter 12 "providing a limitation on the commencement of an action," the savings statute is not rendered inapplicable by ORS 30.275(9). The savings statute operates to extend the time in which plaintiff may refile his tort claims against the state. There is no dispute that plaintiff's federal complaint and state complaint were timely filed as provided in ORS 12.220, nor that service of summons and complaint for the new action was timely accomplished. The first of defendant's two reasons cannot justify dismissal.

## III. APPLICATION

The trial court did not reach the second of defendant's reasons for dismissal, because the trial court agreed with defendant that ORS 30.275(9) precluded the application of the savings statute in all cases. On appeal, defendant adds to its second argument about the inapplicability of ORS 12.220 to this particular case. Plaintiff says this second argument is new. If nothing else, it seems that the state did not properly frame its argument on appeal as an assertion of an alternate basis to affirm the trial court. Defendant did not address the prerequisites to consideration whether the trial court was "right for the wrong reason." *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (standards for affirming on an alternate basis). Nonetheless, we conclude that defendant did assert the issue before the trial court in its

reply memorandum on summary judgment, the issue is one of law, defendant's argument is not contrary to any factual findings made, the record below would not have developed differently, and plaintiff has been able to address the issue on appeal. We exercise our discretion to consider the second issue.

Based on the text of the saving statute itself, the state contends that an "action" cannot be refiled if any claim within the action was dismissed on the merits. The state selectively emphasizes the language in ORS 12.020 that declares "if * * * the *action* is involuntarily dismissed without prejudice on any ground not adjudicating the merits of the action," then the plaintiff may begin a new action "based on the same claim or claims against a defendant in the original *action*[.]" (Emphasis added.) Defendant argues that the term "action" in ORS 12.220 should mean and can only mean the lawsuit in its entirety, nothing less, and nothing else. The state believes that the saving statute should not distinguish, within the same lawsuit, between claims which have been dismissed with and without prejudice. Defendant notes that the federal court adjudicated plaintiff's section 1983 claims involving the Eighth and Fourteenth Amendments. Because those federal claims were adjudicated on the merits, defendant concludes that the unresolved claims under state law cannot be refiled.

To be sure, dismissal of the federal claims is not dispositive. Plaintiff's prior case was dismissed in the unique circumstance in which a federal court dismissed his federal claims on their merits but was unable to exercise supplemental jurisdiction to resolve claims under state law. Because those tort claims were dismissed by reason of the Eleventh Amendment, they were not decided on their merits. Under similar circumstances in *Ram Technical Services, Inc. v. Koresko*, 346 Or 215, 226, 208 P3d 950 (2009), where federal claims failed and state claims remained, the Oregon Supreme Court held that the doctrine of claim preclusion did not prevent filing a new action asserting the state claims. And, the intervening lapse of a statute of limitation was no bar to refiling the state claims, due to the saving statute. The court commented, "This case is, instead, precisely the type of case to which ORS 12.220 was intended to apply." *Id.* at 236.

Defendant's parsing of the statute was not addressed in *Ram Technical Services,* but we find it to be unpersuasive.[7] The term "action" may be a term of elastic meaning in common usage. As defendant suggests, an "action" may refer to "a legal proceeding by which one demands or enforces one's right in a court of justice." *Webster's Third New Int'l Dictionary* 21 (unabridged ed 2002). Or it may also refer to "the right to bring or maintain such a legal or judicial proceeding." *Id.* The term may refer to a lawsuit, or it may refer to a legal claim. Contrary to defendant's argument, the term "action" is not required to mean the lawsuit as a whole and nothing less. As the term is used in ORS chapter 12, an "action" often is used as if in short form for "cause of action." For example, "[a]n action upon a contract," "[a]n action for waste or trespass," "[a]n action for assault *** or for any injury to the person" shall be commenced within prescribed time limits. *See* ORS 12.080; ORS 12.110. In such contexts, an "action" means a claim.

Whatever meanings "action" may have in other contexts, its meaning is evident in ORS 12.220. The saving statute applies when "the action is involuntarily dismissed without prejudice on *any ground* not adjudicating the merits of the action." ORS 12.220(1) (emphasis added). The statute is intended to apply when "'an action is dismissed without prejudice on *some ground* not adjudicating its substantive merits and thus not giving rise to claim preclusion.'" *Ram Technical Services, Inc.,* 346 Or at 234 (emphasis added) (quoting Oregon Law Commission Report, Senate Judiciary Committee, SB 2284, May 12, 2003, Ex D at 2). When the statute is read as a whole, the critical reference is to the "grounds" that are not adjudicated on the merits and that are not otherwise foreclosed by claim preclusion. Even if some claims have been dismissed with prejudice, the statute saves the others from an intervening statute of limitation.

In sum, ORS 12.220 applies to claims against the state notwithstanding the preemptive language of ORS

---

[7] In *Ram Technical Services Inc.,* the defendants argued unsuccessfully that the plaintiffs' federal claims under the Employment Retirement Income Security Act (ERISA), 29 USC § 1132, *et seq.,* were not the *same* action, within the meaning of ORS 12.220, as the plaintiffs' subsequent tort claims for fraud claims. The Supreme Court concluded that the statute applied because the claims arose out of "the same aggregate set of operative facts[.]" 346 Or at 236.

30.275(9), and the savings statute applies on these facts where some claims were dismissed with and without prejudice. Accordingly, the circuit court erred in entering judgment dismissing plaintiff's complaint.

Reversed and remanded.