Submitted February 8, 2019, reversed and remanded April 15, petition for review allowed August 27, 2020 (366 Or 825)
See later issue Oregon Reports

Janae SHERMAN,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
acting by and through
Department of Human Services,
a state agency,
*Defendant-Respondent.*

Multnomah County Circuit Court
17CV35975; A167156

464 P3d 144

In this tort action against Department of Human Services (DHS), plaintiff alleged that DHS negligently failed to protect her from abuse in foster care. The trial court dismissed plaintiff's claims as untimely after concluding that they were barred by the statute of ultimate repose. Plaintiff's appeal from that ruling concerns three statutes: ORS 12.115, which imposes a 10-year statute of ultimate repose on all negligence claims; ORS 12.117, which both provides an exception to ORS 12.115 for actions based on child abuse and supplies its own statute of limitation for such actions; and ORS 30.275(9), which, as part of the Oregon Tort Claims Act, requires commencement of an action against a public body within two years after the alleged injury occurred and supersedes other statutes of limitation. The trial court granted DHS's motion to dismiss on the basis that ORS 30.275(9) superseded all of ORS 12.117 and, therefore, ORS 12.115 applied. *Held*: The trial court erred in dismissing plaintiff's claims as untimely. The statute of ultimate repose in ORS 12.115 does not apply to child abuse claims as defined in ORS 12.117. Further, based on an examination of the text and context of each statute, the Court of Appeals concluded that ORS 30.275(9) does not supersede the exception to the statute of ultimate repose created by ORS 12.117. Therefore, plaintiff's claim, which is based on child abuse, is not time barred by the statute of ultimate repose.

Reversed and remanded.

Kelly Skye, Judge.

Carl Post filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

SHORR, J.

Reversed and remanded.

**SHORR, J.**

In this tort action against defendant Department of Human Services (DHS), plaintiff alleged that DHS negligently failed to protect her from being abused in foster care. The trial court dismissed plaintiff's claims as untimely after concluding that they were barred by the statute of ultimate repose. Plaintiff's appeal from that ruling concerns three statutes and the complex relationship among them: ORS 12.115, which is a statute of ultimate repose that provides that "[i]n no event shall any action for negligent injury to person *** be commenced more than 10 years from the date of the act or omission complained of"; ORS 12.117, which both provides an exception to ORS 12.115 for actions based on child abuse and supplies its own statute of limitation for such actions; and ORS 30.275(9), which as part of the Oregon Tort Claims Act (OTCA), requires commencement of an action against a public body (such as DHS) within two years after the alleged injury occurred notwithstanding "any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action." The trial court granted DHS's motion to dismiss on the basis that ORS 30.275(9) superseded all of ORS 12.117 and, therefore, ORS 12.115—the statute of ultimate repose—applied to plaintiff's claims. Because we conclude that ORS 30.275(9) does not supersede the exception to the statute of ultimate repose in ORS 12.117, plaintiff's claim is not barred by the 10-year statute of ultimate repose in ORS 12.115. Therefore, the trial court erred in dismissing plaintiff's claim as untimely. Consequently, we reverse and remand.

In reviewing a trial court's ruling on a motion to dismiss, we assume the truth of well-pleaded facts in the operative pleading. *Doe v. Lake Oswego School District*, 353 Or 321, 323, 297 P3d 1287 (2013). Accordingly, the relevant facts, stated below, are taken from plaintiff's first amended complaint.

DHS administers a foster care program for children as part of its child welfare division. As part of that program, DHS is responsible for certifying foster parents and placing children in DHS's custody with foster parents.

In 1987, when plaintiff was two years old, DHS placed her in the home of foster parents Rosemary and David Sherman. While plaintiff was a minor living in that foster home, Rosemary subjected her to physical, verbal, and emotional abuse. Plaintiff was also sexually and physically abused by friends of plaintiff's foster family. Rosemary was aware of that abuse but did not take any measures to protect plaintiff. Plaintiff remained in foster care until she was 21 years old.

At plaintiff's request, she received a complete copy of her DHS file for the first time in September 2016. From her DHS file, plaintiff learned that DHS was aware of the abuse that plaintiff suffered during her time in foster care and that, despite having knowledge of the abuse, DHS did nothing to protect plaintiff from further abuse while she was in DHS's custody.

In August 2017—more than 10 years after the alleged abuse occurred, but within two years of learning that DHS was aware of the abuse—plaintiff brought this case against DHS. Plaintiff alleged that DHS negligently certified the Sherman family as foster parents and was negligent in failing to take appropriate measures to investigate and respond to the Sherman family's alleged abuse of plaintiff. Plaintiff further alleged that DHS violated the Vulnerable Person Act, ORS 124.105.

DHS moved under ORCP 21 A(9) to dismiss plaintiff's complaint as untimely. DHS argued that plaintiff's claims were barred by the statute of ultimate repose in ORS 12.115, because ORS 12.117, which provides for extended limitation periods and an exemption from the statute of ultimate repose for claims based on conduct that constitutes child abuse, does not apply to claims brought against public bodies. Alternatively, DHS moved to dismiss plaintiff's second claim for failure to state a claim under ORCP 21 A(8), arguing that plaintiff may not bring a claim against DHS for violating the Vulnerable Person Act, because the OTCA is plaintiff's exclusive remedy for negligence by state employees. With respect to DHS's timeliness argument, plaintiff responded by asserting that ORS 12.117 supersedes the statute of ultimate repose, whether brought against private

or public defendants. The trial court granted DHS's ORCP 21 A(9) motion to dismiss, concluding that plaintiff's claims were barred by the 10-year statute of ultimate repose in ORS 12.115. The court denied DHS's alternative motion relating to the Vulnerable Person Act as moot.

On appeal, plaintiff assigns error to the trial court's decision to grant DHS's motion to dismiss, reprising the argument that ORS 12.117 prevents the application of the statute of ultimate repose in ORS 12.115 to child abuse claims, whether they are brought against public or private defendants. In response, DHS repeats its assertion that ORS 12.117 does not apply to claims brought against public bodies and that, therefore, the exception to the statute of ultimate repose created by ORS 12.117 is also inapplicable.

The parties' arguments focus on the relationship between ORS 12.117 and ORS 30.275(9), as we explain in more detail below. Plaintiff and DHS agree that ORS 30.275(9) creates a two-year statute of limitation for all claims brought against public bodies under the OTCA and that plaintiff's claim is governed by the OTCA. The parties further agree that ORS 30.275(9) supersedes other statutes of limitation, with certain limited exceptions. But the parties dispute the extent to which ORS 30.275(9) supersedes ORS 12.117. Plaintiff contends that ORS 30.275(9) supersedes only part of ORS 12.117, excluding the provision that excepts plaintiff's claim from the statute of ultimate repose. DHS insists that ORS 30.275(9) supersedes ORS 12.117 in its entirety.

Because whether ORS 30.275(9) supersedes ORS 12.117 is a question of statutory interpretation, which we resolve in accordance with the methodology described in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), we review the trial court's ruling for legal error. *State v. Corcilius*, 294 Or App 20, 21, 430 P3d 169 (2018). Under the *Gaines* analytical framework, to discern the legislature's intent, we examine the text, context, and any legislative history that appears useful to our analysis. *Gaines*, 346 Or at 171-73. Within that framework, "text and context * * * must be given primary weight in the analysis." *Id*. at 171. In examining the text, our role is "to ascertain and declare what is,

in terms or substance, contained therein, not to insert what has been omitted or to omit what has been inserted." ORS 174.010. "The pertinent context includes other provisions of the same statute and other related statutes, as well as the preexisting common law and the statutory framework within which the statute was enacted." *Bell v. Tri-Met*, 353 Or 535, 540, 301 P3d 901 (2013) (internal quotation marks omitted).

We begin by discussing the relevant statutes, starting with those in ORS chapter 12. ORS 12.115(1), enacted in 1967, imposes a 10-year statute of ultimate repose for "any action for negligent injury to person or property of another." ORS 12.117(1)[1] provides that

"[n]otwithstanding ORS 12.110, 12.115 or 12.160, an action based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse that occurs while the person is under 18 years of age must be commenced before the person attains 40 years of age, or if the person has not discovered the causal connection between the injury and the child abuse, nor in the exercise of reasonable care should have discovered the causal connection between the injury and the child abuse, not more than five years from the date the person discovers or in the exercise of reasonable care should have discovered the causal connection between the child abuse and the injury, whichever period is longer."

That statute was originally enacted in 1989 and has been amended several times. Since 1989, the amendments to ORS 12.117 have progressively lengthened the time periods within which victims of child abuse may bring actions based on conduct constituting child abuse. ORS 12.117 does not specifically address whether it applies to public bodies.

With limited exceptions not at issue here, ORS 30.275(9), which is part of the OTCA, establishes a two-year statute of limitation for any claim brought against a public body. That statute of limitation applies "notwithstanding any other provision of ORS chapter 12 or other statute

---

[1] ORS 12.117(2) defines the meaning of child abuse within ORS 12.117(1) and is not at issue here. For the purposes of appeal, DHS does not dispute that plaintiff has alleged facts that constitute child abuse as defined in the statute.

providing a limitation on the commencement of an action." ORS 30.265(6)(d), also part of the OTCA, imposes further limitations on actions against public bodies by providing that they are immune from liability for "[a]ny claim that is limited or barred by the provisions of any other statute, including but not limited to any statute of ultimate repose."

Whether the OTCA statute of limitation in ORS 30.275(9) supersedes the exception to the statute of ultimate repose for child abuse claims in ORS 12.117 reduces to determining whether all or part of ORS 12.117 is a statute "providing a limitation on the commencement of an action," as provided in the "notwithstanding clause" of ORS 30.275(9). The Supreme Court interpreted the meaning of that clause and ORS 30.275(9) in *Baker v. City of Lakeside*, 343 Or 70, 164 P3d 259 (2007). The issue in *Baker* was whether ORS 30.275(9) superseded ORS 12.020(2), a statute that permits service of process to relate back to the date on which the complaint was filed if process is served within 60 days of that filing. In that case, the plaintiff filed the complaint within the two-year statute of limitation but served the defendant city four weeks later, after the two-year limitation period had passed. Therefore, whether ORS 30.275(9) superseded ORS 12.020(2) would determine whether the plaintiff's claim was "commenced" when it was filed or when process was served. *Id*. at 72-73. The city argued that the notwithstanding clause of ORS 30.275(9) precluded application of ORS chapter 12 as a whole and, as a result, the plaintiff's claim was untimely filed. *Id*. at 73-74.

Considering the text, context, and legislative history of ORS 30.275(9), the *Baker* court concluded that the "notwithstanding" clause in that statute applies only to statutes providing a limitation on the commencement of an action, *i.e.*, statutes of limitation. *Id*. at 83. With respect to the legislative history, the *Baker* court explained that the legislature intended to establish a uniform limitation period for all actions brought against a public body and that, "in amending what is now ORS 30.275(9), the legislature focused solely on the question of statutes of limitations." *Id*. at 82-83. The court concluded that ORS 12.020(2) was not a statute providing a limitation on the commencement of an action within the meaning of ORS 30.275(9). *Id*. at 83.

We have applied *Baker*'s interpretation in subsequent cases involving conflict between ORS 30.275(9) and other provisions relating to the time for filing an action. *See Bell*, 353 Or at 548 (survival statute was a statute of limitation); *Preble v. Centennial School Dist. No. 287*, 298 Or App 357, 365, 447 P3d 42 (2019) (statute providing that claims against employer must be filed within 180 days after unsuccessful workers compensation claim was a statute of limitation); *Smith v. OHSU Hospital and Clinic*, 272 Or App 473, 486, 356 P3d 142 (2015) (minority tolling statute was not a statute of limitation); *Davis v. State of Oregon*, 267 Or App 264, 273, 340 P3d 713 (2014), *rev den*, 357 Or 164 (2015) (savings statute was not a statute of limitations).

*Baker* and the ensuing line of cases demonstrate that, "when viewing the many provisions of ORS chapter 12 from the preemptive perspective of ORS 30.275(9), a distinction is drawn between statutes of limitation and other types of statutes in ORS chapter 12." *Davis*, 267 Or App at 270. In making such a distinction, "[w]e must ask whether [the provision at issue] establishes a separate limitation period for commencing an action or whether it does something else, such as toll or extend the time in which to file an action, provide when an action is commenced, or operate as any mechanism other than a time limit on classes of claims." *Id*. at 270-71 (internal quotation marks omitted).

In accordance with *Baker*, the question before us is whether ORS 12.117, which provides for extended limitation periods for claims based on child abuse, is solely a statute of limitation or whether it "operate[s] as any mechanism other than a time limit on classes of claims." *Id*. In resolving that question, we must determine whether, in enacting ORS 12.117, the legislature intended solely to create a new statute of limitation for child abuse claims, which limitation period is nonetheless controlled by the OTCA's two-year limitation period, or whether it also independently intended to except child abuse claims from the statute of ultimate repose. Stated another way, the issue is whether ORS 12.117 is just a statute of limitation or whether it accomplishes other legislative objectives.

We conclude that the legislature independently intended to except child abuse claims from the statute of ultimate repose. First, we note that the text of ORS 12.117 prevents application of the statute of ultimate repose in ORS 12.115 to claims concerning child abuse as defined in ORS 12.117. The text of ORS 12.117 accomplishes several things. It creates extended limitation periods for claims based on conduct that constitutes child abuse, which allows plaintiffs to assert claims until the age of 40 or within five years of discovery, whichever is longer. ORS 12.117 also creates exceptions to three statutory provisions by providing that those limitation periods apply "[n]otwithstanding ORS 12.110, 12.115 or 12.160." *O'Mara v. Douglas County*, 318 Or 72, 76, 862 P2d 499 (1993) ("The function of a 'notwithstanding' clause in the statute is to except the remainder of the sentence containing the clause from other provisions of a law that is referenced in that particular notwithstanding clause.").

Thus, the notwithstanding clause in ORS 12.117 exempts claims based on child abuse from the statutes of limitation for various torts set forth in ORS 12.110, the tolling provisions for minors and individuals with mental disabilities in ORS 12.160, and the 10-year statute of ultimate repose in ORS 12.115. As a result of the exemption in the notwithstanding clause, the statute of ultimate repose in ORS 12.115 cannot bar a claim brought under ORS 12.117. In other words, ORS 12.117 allows plaintiffs to bring claims based on child abuse that are potentially decades old, and the statute of ultimate repose in ORS 12.115 has no bearing on the timeliness of those claims. The very inclusion of a notwithstanding clause reflects an intent to except claims brought under ORS 12.117 from the statute of ultimate repose.

The underlying policy considerations of ORS 12.117 also suggest that the legislature intended to except claims based on child abuse from the statute of ultimate repose in ORS 12.115. In adopting ORS 12.117, the legislature recognized that victims of child abuse face unique obstacles in bringing claims against the perpetrators or enablers of their abuse. In addressing those distinct challenges, the legislature sought to provide additional time for child abuse victims to bring their claims. The exception to the

statute of ultimate repose furthers the legislature's policy considerations.

Having concluded that the legislature intended ORS 12.117 to create an exception to the statute of ultimate repose in ORS 12.115 for claims based on child abuse, we proceed to the analysis of that exception under *Baker*. Doing so, we conclude that the exception to the statute of ultimate repose is not a "limitation on the commencement of an action" under ORS 30.275(9). That provision does not specify the time within which an action must be brought or otherwise operate as a time limit on a class of claims. Rather, it serves an entirely different purpose, that of excepting a class of claims from a time limit. Therefore, ORS 30.275(9), which creates a two-year statute of limitation for claims brought under the OTCA, does not supersede the exception to the statute of ultimate repose for child abuse claims as provided in ORS 12.117.

Such a determination also comports with the context of the relevant statutes. The existence of ORS 30.265 (6)(d) reflects a legislative intent to subject claims against public and private defendants to the same statutes of ultimate repose. As noted, ORS 30.275(9) establishes a two-year statute of limitation for claims brought under the OTCA, but does not specifically address statutes of ultimate repose, and ORS 30.265(6)(d) is the mechanism through which the statute of ultimate repose would apply in this case. Unlike ORS 30.275(9), which creates a uniform two-year statute of limitation, ORS 30.265(6)(d) does not establish a uniform statute of ultimate repose for all claims brought against a public body. Rather, it incorporates the statutes of ultimate repose that apply to claims brought against private defendants. In effect, this means that public defendants who are sued for different classes of claims may be subject to a uniform statute of limitation, but different statutes of ultimate repose. Put another way, public and private defendants sued for the same claim may be subject to different statutes of limitation, but the same statute of ultimate repose. To conclude that ORS 12.115 applied here would contravene that framework by effectively subjecting the same claim to different statutes of ultimate repose when brought against private and public defendants.

Further, as the Supreme Court explained in *Baker*, in enacting ORS 30.275(9) the legislature "focused solely" on statutes of limitation, and the purpose of that statute is to maintain uniformity among statutes of limitation in cases brought against public bodies. Here, claims based on child abuse under ORS 12.117 that are brought against a public body are subject to the same statute of limitation as other claims brought against a public body. ORS 12.117 and ORS 30.275(9) can be reconciled with one another by assuming that, for claims that are both based on conduct that constitutes child abuse as defined by ORS 12.117 and brought against the state, ORS 30.275(9) sets forth the applicable limitation period, and ORS 12.117 excepts them from the statute of ultimate repose. Such an interpretation gives the fullest effect to each statute. *See Preble*, 298 Or App at 364 (when "confronted with multiple statutes that appear to conflict," courts are obliged to "determine whether there is any way to reconcile the apparent conflict without exceeding the bounds of the reasonable construction of the wording of the statutes" before giving precedence to either statute); ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all.").

DHS relies on *Baker* and *Doe* to assert that ORS 12.117 is, in total, a statute of limitation, is superseded by ORS 30.275(9) in its entirety, and has no application to claims brought against the state. As a result, DHS argues, the statute of ultimate repose in ORS 12.115 still applies to plaintiff's negligence claim through ORS 30.265(6)(d). DHS focuses its argument on establishing that the limitation periods in ORS 12.117 are provisions "providing a limitation on the commencement of an action." Those limitation periods provide that a plaintiff must file a claim based on child abuse before reaching age 40 or within five years of discovering the claim, whichever is longer.[2] As we understand DHS's argument, it contends that, because those particular provisions within ORS 12.117 provide a limitation on the commencement of an action, ORS 12.117 is a statute

---

[2] Plaintiff concedes that the limitation on those who reach age 40 is a statute of limitation, but contends that the five-year discovery period is not.

of limitation in its entirety. That is, DHS treats the exception to the statute of ultimate repose as an incidental effect of the extended periods of limitation in ORS 12.117 rather than an independent legislative objective of the statute.

Although we accept DHS's contention that the limitation in ORS 12.117 on those who reach age 40 and the five-year discovery rule are provisions providing a limitation on the commencement of an action, that argument is not dispositive.[3] DHS's focus on those provisions does not meaningfully contend with the exception to the statute of ultimate repose created by the notwithstanding clause in ORS 12.117, which exists separately from the five-year discovery rule and limitation on those who reach age 40.

We have not addressed this exact issue when applying *Baker*. But we reject the notion that, because part of ORS 12.117 (the extended limitation periods for child abuse claims) is superseded by ORS 30.275(9) (the two-year limitation period for claims against public bodies), ORS 12.117 is necessarily rendered inapplicable in its entirety. That is, certain aspects of ORS 12.117 may apply to plaintiff's claim based on child abuse, even though the particular statute of limitation applicable to plaintiff's action is set forth in ORS 30.275(9) under the OTCA. *See Smith*, 272 Or App at 483 (the plaintiff's action for medical malpractice was still "mentioned in" ORS 12.110(4), despite the fact that the particular time limitation for the plaintiff's claim was set forth in ORS 30.275(9)); *Bradford v. Davis*, 290 Or 855, 861, 626 P2d 1376 (1981) ("[T]ort actions against public bodies and their officers and employees are not a specially created type of action but ordinary tort actions to which the legislature has consented to subject the government and its personnel."). Nor does the fact that a statute contains provisions that provide for a limitation on the commencement of an action automatically render that entire statute a statute of limitation. *See, e.g.*, ORS 12.110(4) (providing for a statute of limitation and a statute of ultimate repose for medical malpractice claims).

---

[3] The five-year discovery provision is not at issue here, and DHS does not contend that plaintiff failed to file her claim within two years of discovery in accordance with ORS 30.275(9).

Lastly, DHS asserts that the Supreme Court in *Doe* impliedly concluded that ORS 12.117 does not apply to claims brought against public bodies. The issue in that case was whether the plaintiffs had filed their complaint within two years of discovering their injuries in accordance with ORS 30.275(9). *Doe*, 353 Or at 327-29. In holding that they did, the court rejected an argument by the defendant that the legislature's inclusion of a five-year discovery rule in ORS 12.117 reflected a legislative intent to preclude application of the discovery rule to claims based on child abuse when brought against public defendants. The *Doe* court described ORS 12.117 as providing "a statute of limitations for child abuse claims brought against private actors" and explained that ORS 12.117 "does not explicitly address 'child abuse' committed by public actors." *Id.* at 335-36. DHS contends that the court's description of ORS 12.117 in that case is consistent with DHS's construction of the statutory scheme here. As DHS recognizes, the *Doe* court's explanation of ORS 12.117 was not central to the holding of that case. Further, *Doe* merely acknowledged that the extended limitation period applies in cases against private actors, whereas a two-year discovery rule applies in cases against public actors. That proposition is consistent with our conclusion here, that ORS 30.275(9) sets forth the applicable statute of limitation but does not supersede ORS 12.117's abolishment of the statute of ultimate repose for child abuse claims.

In sum, we conclude that the statute of ultimate repose in ORS 12.115 does not apply to claims within the scope of ORS 12.117. We further conclude, based on our examination of the text and context of each statute, that ORS 30.275(9) does not supersede the provision of ORS 12.117 precluding application of the statute of ultimate repose to claims based on child abuse as defined in that statute. Therefore, plaintiff's claim is not time barred by the statute of ultimate repose, and the trial court erred in granting DHS's motion to dismiss on those grounds.

Reversed and remanded.